No. 19,770.

GEORGE WRIGHT *v.* HARRY C. TINSLEY.

(365 P. [2d] 691)

Decided October 23, 1961.

Mr. EUGENE DEIKMAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFF in error, hereinafter referred to as petitioner or by name, filed in the district court a "Petition for a Writ of Habeas Corpus" alleging that defendant in error Harry C. Tinsley as Warden of the Colorado State Penitentiary, was illegally, unlawfully and unconstitutionally depriving petitioner of his liberty. Thereafter the court issued a writ of habeas corpus ad prosequendum, and after hearing denied the petition and dispensed with motion for a new trial. The petitioner is here by writ of error.

Petitioner's original conviction and sentence to the penitentiary for life was previously reviewed and affirmed by this court in *Wright v. People,* 116 Colo. 306, 181 P. (2d) 447, decided May 12, 1947. Petitioner alleges that during his original trial in addition to his conviction by a jury of forgery, uttering (forgery) and confi-

dence game, the trial court, and not the jury, found that he was an habitual criminal by virtue of his having "admitted his identity" in connection with counts 4, 5, 6, 7, 8 and 9, charged in the information detailing former felony convictions in Nebraska, Colorado, Wyoming and Washington, in which numerous aliases were used. Petitioner contends that he was illegally deprived of a jury trial as to such findings of habitual criminality and that the question as to his right to jury trial on these latter counts was not considered in the previous review of his conviction in *Wright v. People,* supra. He makes no claim that he was not previously convicted of the felonies charged in counts 4, 5, 6, 7, 8 and 9 of the original information.

In his petition to the trial court petitioner failed to follow the provisions of C.R.S. '53, 65-1-1, which states that such a petition "shall be accompanied by a copy of the warrant of commitment, or an affidavit that the said copy has been demanded of the person in whose custody the prisoner is detained, and by him refused or neglected to be given." The importance of this statutory provision is immediately apparent. In our consideration of this writ of error we have nothing but the allegations of the pleadings from which to determine the specific convictions upon which the commitment was made.

Petitioner correctly argues that habeas corpus is a civil action. *Barrett v. People,* 136 Colo. 144, 315 P. (2d) 192, and cases cited therein. Having established this point he then contends that Rule 106 R.C.P. has abolished this form of writ, and has superseded the provisions of C.R.S. '53, 65-1-1, Habeas Corpus. He overlooks, however, that the application of Rule 106 (a) (1) R.C.P. is limited to affording relief "Where any person *not* being *committed or detained* for any criminal or supposed criminal matter is illegally confined or restrained of his liberty." (Emphasis supplied.) The rule has no application in the matter before us.

Further, Rule 81 (a) R.C.P. states, "These rules

do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute. * * * " C.R.S. '53, 65-1-1 is such a special statutory proceeding, and its provisions are controlling.

Petitioner's contention that the petition may be construed as a motion to vacate a void sentence is not tenable. If the conviction as to habitual criminality was improper, which we do not find it necessary to determine here, the convictions by the jury on two counts of forgery and one of confidence game would permit a maximum sentence of forty-eight years. The sentence considered most favorably for the petitioner in connection with the jury verdicts, cannot be said to be void. The petitioner did not seek a modification of the sentence, if in fact he were entitled thereto. Habeas corpus is not the proper remedy to accomplish such a purpose. There is nothing shown to indicate that petitioner is being illegally incarcerated at this time or that he is entitled to immediate liberation, the relief sought by this habeas corpus proceedings.

The trial court properly denied the petition and the judgment is affirmed.

Mr. Chief Justice Hall and Mr. Justice Moore concur.