Mr. Justice McWilliams
delivered the opinion of the Court.
In the district court for the County of Pueblo Martinez filed a petition for a writ in the nature of habeas corpus, alleging that he was then imprisoned in the state penitentiary and was being unlawfully restrained of his liberty by the respondent. In this petition Martinez alleged that he was incarcerated in the state penitentiary and was then serving a ten to twenty year sentence which was based upon his plea of guilty to a charge of aggravated robbery. Martinez further alleged that in connection with his arraignment on the aforementioned robbery charge the trial court had failed to advise him of his right to counsel. This alleged failure to advise him upon arraignment of his right to counsel formed the sole basis for Martinez’ request that a writ in the nature of habeas corpus issue.
The trial court by appropriate order directed that a writ issue and in due time hearing in connection therewith was held. At this hearing petitioner was personally present in open court, and on that occasion was represented by court appointed counsel. At the conclusion of the hearing the trial court discharged the writ which had theretofore issued, dismissed the petition and then remanded petitioner into the custody of the respondent. Appropriate judgment to that effect was duly entered, and by this writ of error Martinez now seeks reversal of such judgment.
 Stewart v. Tinsley, 157 Colo. 441, 403 P.2d 220, *238 contains the complete answer to Martinez’ contention that in a habeas corpus proceeding he is entitled to be discharged from the custody of the respondent because he was allegedly not advised of his right to counsel when arraigned on the charge of aggravated robbery. In the Stewart case, as in the instant one, it was contended that a petitioner in a habeas corpus proceeding is entitled to be discharged from the state penitentiary because he had not been afforded the benefit of counsel when he had theretofore been arraigned upon a charge of robbery and had pled guilty thereto. In holding that such a petition shows on its very face that the petitioner is not entitled to “habeas corpus relief” and that such petition should therefore be summarily denied, we also observed that the “allegations of the petition go to the validity of the petitioner’s plea of guilty and are properly brought under Rule 35(b), Colo. R. Crim. P.”
The judgment is affirmed.
Mr. Justice Sutton not participating.