No. 24397.

SPENCER C. GARRETT, CHIEF, AURORA POLICE DEPARTMENT, R. A. CHRISTOFFERSEN, D. L. REETHS, CHARLES ALUMBAUGH, PATROLMEN, AURORA POLICE DEPARTMENT, JAMES T. AYERS, JUDGE, AURORA MUNICIPAL COURT, AND GUY VAN CLEAVE, SHERIFF, ADAMS COUNTY *v.* WILLIAM Z. KNIGHT.
(480 P.2d 569)

Decided February 1, 1971.    Rehearing denied February 22, 1971.

420

LELAND M. COULTER, City Attorney, City of Aurora, JOHN L. SPRINGER, Assistant, for plaintiffs in error.

MORGAN SMITH, Public Defender, Adams County, THOMAS M. VAN CLEAVE, Deputy, for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

ERROR is charged to the District Court of Adams County in releasing defendant in error from custody of the sheriff of Adams County purusant to habeas corpus proceedings.

Defendant in error, William Z. Knight, a 14-year-old, on April 8, 1969, was charged in the Municipal Court of the City of Aurora with five traffic violations. To the lesser charges he pled guilty. To the more serious charge of reckless driving, however, he pled not guilty. After trial to the court, on April 9, 1969, he was found guilty and sentenced to ninety days in jail. Knight was not represented by counsel at the trial, although he had been advised of his rights in this regard. His parents had been notified of his arrest and the pending charges against him, but did not appear or provide him with counsel. Their reasons for not doing so are not entirely clear from the record presented.

No appeal was taken from the judgment of conviction. Instead, the next day, on April 10, with the assistance of the public defender, habeas corpus proceedings were commenced in the district court. At the conclusion of the

hearing on April 14, the writ was made absolute and Knight was released from the mandate of the sentence. He was, however, returned to the custody of the sheriff on other charges against him pending in the Adams County Court and in the Juvenile Court of Denver County.

The basis of the district court's ruling in releasing Knight from custody was that he was denied his constitutional right to counsel and the judgments of conviction were therefore void.

Plaintiffs in error sought to have the habeas corpus proceedings dismissed for the following reasons: first, the remedy of habeas corpus is not available to set aside a conviction upon an alleged violation of the right to counsel guaranteed by the Constitutions of the United States and of Colorado; and, second, there was noncompliance with the procedural requirements of the habeas corpus act, C.R.S. 1963, 65-1-1(1), in that the petition for writ was not accompanied by a copy of the warrant of commitment, or in the alternative, an affidavit that a copy of the warrant had been demanded of the sheriff and by him refused or neglected to be given.

■ Knight had ten days within which to appeal his conviction to the county court where a trial de novo was available to him. 1965 Perm. Supp., C.R.S. 1963, 139-36-2. He did not do so, but immediately proceeded by way of habeas corpus. Assuming a constitutional right was violated, he had an adequate remedy of a trial de novo on appeal to the county court.

■ Concerning the second point, Mr. Justice Pringle, speaking for the Court in *McNamara v. People*, 159 Colo. 139, 410 P.2d 517, stated:

"The trial court was correct in denying the petition, but it should have done so summarily and without a hearing. Under the settled law of this state, a petition which is not accompanied by a copy of the warrant of commitment or an affidavit stating that such has been requested of the custodian and refused by him has no validity and

cannot be acted upon. *Wright v. Tinsley,* 148 Colo. 258, 365 P.2d 691."

Such is a jurisdictional requirement which was not complied with in this case.

We do not comment upon the right of an accused 14-year-old, indigent or otherwise, to the assistance of counsel in a municipal court for a traffic violation, inasmuch as the issue is not properly before this court.

The judgment is reversed and the cause remanded with directions to discharge the writ of habeas corpus.