## No. 27634

**Donald R. Evans v. District Court in and for the County of Arapahoe and State of Colorado, and the Honorable Richard D. Greene, a judge thereof**

(572 P.2d 811)

Decided November 29, 1977.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Joseph N. de Raismes, First Assistant, Frederick Y. Yu, Assistant, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Forrest W. Lewis, Deputy, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Donald R. Evans, Superintendent of the Colorado State Penitentiary, the petitioner herein, initiated this original proceeding pursuant to C.A.R. 21 for relief in the nature of prohibition. He petitioned this court to restrain the respondent judge from proceeding further in the case of *Gibson, et al. v. Evans*, Civil Action No. 37054, now pending before the respondent, and to quash the writs of habeas corpus previously issued in that case by the respondent. We issued a rule to show cause, which we now make absolute.

Plaintiffs in Civil Action No. 37054, Gary M. Gibson, Robert Rivera, Wilbur Cabanyog and Charles Penno (hereinafter, prisoners), are all prisoners of the Colorado State Penitentiary, having been duly convicted and sentenced. It does not appear in the record before us from whence the prisoners were convicted and sentenced. The inmates, by and through the public defender, petitioned the respondent court for a writ of habeas corpus. In their petition the prisoners alleged that, pursuant to penitentiary classification procedures, they were all given regressive classifications which resulted in substantial losses of privilege and statutory and meritorious good time. The petition further alleged that they "were deprived of their liberty by virtue of said regressive classification and were not afforded a hearing that complied with minimal due process of law."

Simultaneously with their petition for a writ of habeas corpus, the prisoners filed a motion for waiver of the necessity of attaching copies of the warrants of commitment, as required by section 13-45-101(1), C.R.S. 1973. The respondent judge ordered that a writ of habeas corpus issue to petitioner without ruling on the motion for waiver.

The petitioner contends that the respondent exceeded his jurisdiction under the Habeas Corpus Act, section 13-45-101, *et seq.*, C.R.S. 1973, in the following respects: (1) "Habeas corpus is not available as a remedy to challenge confinement pursuant to a regressive classification"; (2) the prisoners failed to exhaust their administrative remedies; (3) the petition was not accompanied by the jurisdictional and statutorily required copies of warrants of commitment as set forth in section 13-45-101(1); (4) under the facts of this case, venue is improper in Arapahoe County; and (5) the respondent failed to require security or payment of transportation costs.[1]

---

[1]In support of his claims for relief in the nature of prohibition, the petitioner offers the following sequence of events. Previous to the petition, which is the subject of this original proceeding, these same prisoners petitioned the respondent in July, 1976, for a writ of habeas corpus directed to the petitioner, alleging the unconstitutionality of the classification system at the Colorado State Penitentiary. The respondent issued that writ in Civil Action No. 36065, *Gibson, et al. v. Evans.* Petitioner Evans filed a motion for a change of venue which respondent denied on August 17, 1976.

The petitioner alleges that on December 8, 1976, the respondent again issued a writ of habeas corpus directing the petitioner to produce another prisoner at the Colorado State Penitentiary. The respondent's action, alleges petitioner, was on the strength of a letter filed by the prisoner without any petition for writ of habeas corpus having been filed in conformity with section 13-45-101, C.R.S. 1973. The petitioner then again made a motion for a change of venue and a motion to quash the writ for failure to observe the requirements of section 13-45-101. These motions were summarily denied by the respondent.

We agree with the petitioner as to issues (3) and (4) and therefore do not reach the other issues raised by him.

## I.

Pursuant to section 13-45-101(1), petitions for writs of habeas corpus "shall be accompanied by a copy of the warrant of commitment, or an affidavit that said copy has been demanded of the person in whose custody the prisoner is detained, and by him refused or neglected to be given." This is a *mandatory* requirement; it is therefore jurisdictional. Prisoners must comply with the requirement, and the courts may not waive it. *Garrett v. Knight*, 173 Colo. 419, 480 P.2d 569 (1971).

Instead of attaching the designated documents, the prisoners filed a motion for leave to file their petition without the necessary accompanying papers. The respondent judge ignored the motion and granted the petitions for habeas corpus. A jurisdictional requirement cannot be waived; the respondent court cannot confer jurisdiction upon itself. Therefore, the respondent should have summarily denied the petitions for habeas corpus. *Garrett v. Knight, supra*; *People v. McNamara*, 159 Colo. 139, 410 P.2d 517 (1966); *Wright v. Tinsley*, 148 Colo. 258, 365 P.2d 691 (1961).

## II.

Ordinarily, a ruling that the court lacked jurisdiction would obviate the necessity of considering the venue question. However, because of the likelihood that the prisoners will refile a corrected petition for a writ of habeas corpus in Arapahoe County, the question of proper venue will immediately arise. In the interest of judicial economy, therefore, we elect to address this issue now to obviate an additional appeal.

Section 13-45-101, C.R.S. 1973, provides that those persons detained or committed for any criminal or supposed criminal matter may petition for writs of habeas corpus. Because section 13-45-101 is a special statutory proceeding, the Colorado Rules of Civil Procedure do not apply insofar as they are inconsistent or in conflict with the provisions of section 13-45-101. *Hithe v. Nelson*, 172 Colo. 179, 471 P.2d 596 (1970); *Wright v. Tinsley, supra*. However, habeas corpus being civil in nature, C.R.C.P. 98 governs venue. Contrary to the prisoners' contention, there is no conflict between C.R.C.P. 98 and section 13-45-101(1). *Stilley v. Tinsley*, 153 Colo. 66, 385 P.2d 677 (1963); *see also Brisbin v. Schauer*, 176 Colo. 550, 492 P.2d 835 (1971).

Our decisions as they relate to venue have consistently distinguished between *filing* and *trial*. Section 13-45-101 allows any petitioner to file a

petition for habeas corpus in *any* district court. *Stilley v. Tinsley, supra.* However, this general concession to jurisdiction does not necessarily affect the invocation of the rules of venue.

■ Venue is governed in this case by C.R.C.P. 98(b)(2) and (f). C.R.C.P. 98(b)(2) provides that:

"Actions upon the following claims shall be tried in the county where the claim, or some part thereof, arose:

. . . .

"(2) Against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who by his command, or in his aid, does anything touching the duties of such officer, or for a failure to perform any act or duty which he is by law required to perform."

C.R.C.P. 98(f) provides that a court may, for good cause shown, change the venue "[w]hen the county designated in the complaint is not the proper county" and "when the convenience of witnesses and the ends of justice would be promoted by the change."

The substantive issue of this habeas corpus proceeding, which we do not reach, is whether the prisoners were deprived of due process during a regressive classification hearing held at the Colorado State Penitentiary in Fremont County. The prisoners are incarcerated there. The petitioner, a public officer, resides in Fremont County. The petitioner contends that all other persons involved in the classification who will be called to testify in that hearing also reside in Fremont County, and the reclassification records are kept in Fremont County. The petitioner contends as well that, in this case, venue in Arapahoe County places an undue burden on the penitentiary in terms of manpower and money because it requires five guards to transport the four prisoners on each trip between Fremont County and Arapahoe County.

■ A motion for change of venue on the ground of convenience of witnesses is addressed to the sound discretion of the trial court, whose decision will be accepted as final on review unless an abuse of discretion is apparent. *Enyart v. Orr,* 78 Colo. 6, 238 P. 29 (1925). However, we have held that, consistent with specific venue provisions, courts should attempt to accommodate the litigants and their witnesses to the greatest extent possible. *Bacher v. District Court,* 186 Colo. 314, 527 P.2d 56 (1974). In view of the record before us, we hold, therefore, that the respondent judge abused his discretion by not granting a change of venue to Fremont County.

The respondent judge, in his brief, claims that "[it] may well be that a petitioner for a writ of habeas corpus may not obtain a fair and impartial hearing in the county of his incarceration." *See* C.R.C.P. 98(g). Therefore, respondent contends that venue is proper in any court which has jurisdiction.

C.R.C.P. 98(g) presupposes that the action is pending in the county where *venue for trial* is properly laid. Had this proceeding been properly filed in Fremont County at the outset, the prisoners could have raised the fair trial issue. If they elect to pursue their cause in Fremont County, they, of course, may seek the relief afforded by C.R.C.P. 98(g). By filing their petition in Arapahoe County, the prisoners were arrogating to themselves the authority and discretion which reposes in the trial judge under Rule 98(g).

We now make the rule absolute.

MR. JUSTICE GROVES does not participate.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN concur in the result.