Wilbert JOHNSON, Plaintiff–Appellant,

v.

Frank GUNTER, Director of Department of Corrections, and, Mark McKinna, Superintendent of Limon Correctional Facility, P.O. Box 10,000, Limon, Colorado 80826, Defendants–Appellees.

No. 92SA327.

Supreme Court of Colorado, En Banc.

May 24, 1993.

Rehearing Denied June 14, 1993.

Wilbert Johnson, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, John J. Krause, Asst. Attys. Gen., Crim. Enforcement Section, Denver, for defendants-appellees.

Justice ERICKSON delivered the Opinion of the Court.

Wilbert Johnson, appearing *pro se*, appeals from an order of the Lincoln County District Court denying his petition for habeas corpus relief which sought release from confinement on the basis that his

1985 conviction as an habitual criminal is void. Johnson, who is incarcerated in the Limon Correctional Facility in Lincoln County, asserts that the district court erred in concluding that his claims could not be raised in a petition for writ of habeas corpus, but rather, that they must be raised either on direct appeal or by a Crim.P. 35(c) motion for relief from judgment. For the reasons stated in this opinion, we reverse and remand to the Lincoln County District Court for further proceeding consistent with this opinion. On remand, the Lincoln County District Court is not required to address the substantive claims raised in Johnson's habeas petition because Johnson subsequently filed a CrimP. 35(c) motion for post-conviction relief in the sentencing court in Douglas County asserting substantially the same substantive claims.[1] The Lincoln County District Court must, however, determine whether Johnson is entitled to habeas corpus relief based on the reversal by the court of appeals of one of the predicate felony convictions supporting Johnson's adjudication and life sentence as an habitual criminal. *See People v. Johnson*, No. 91CA248 (Colo.App. Nov. 13, 1992), *cert. denied*, No. 93SC13 (Colo. Apr. 19, 1993).

I

In October 1984, Johnson was charged by information with the crimes of robbery from the elderly; first-degree burglary; theft from the elderly; and conspiracy. Trial commenced on May 25, 1985, in the Douglas County District Court. On May 31, 1985, after the defense rested, the prosecution sought to amend the charging in-

formation to include additional counts for violation of the habitual criminal act. §§ 16–13–101 to –103, 8 C.R.S. (1985 Supp.). The Douglas County District Court, over Johnson's objection, allowed the amendment, arraigned Johnson, and proceeded to trial on the habitual criminal charges.

Johnson was convicted by the jury of theft from the elderly and conspiracy, and was adjudged an habitual criminal. On December 19, 1985, Johnson was sentenced to life imprisonment in the Douglas County District Court on the habitual-criminal adjudication, four years for the theft from the elderly conviction, and two years for the conspiracy conviction.[2]

On July 9, 1992, Johnson filed a petition for writ of habeas corpus in the Lincoln County District Court, alleging that he was improperly charged, arraigned, and tried on the habitual criminal charges by the Douglas County District Court in 1985. Johnson claimed that his adjudication as an habitual criminal was void and that he was entitled to immediate release. The Lincoln County District Court denied Johnson's petition without conducting a hearing, concluding that the issues raised in Johnson's habeas petition were properly addressed only on direct appeal or by filing a Crim.P. 35(c) motion for post-conviction relief which must be filed in the sentencing court. *See* Crim.P. 35(c)(3) (stating that a motion "to vacate, set aside, or correct the sentence, or to make such order as necessary to correct a violation of [a defendant's] constitutional rights" may be filed in "the court which imposed the sentence").[3]

---

**1.** Two weeks after the Lincoln County District Court denied Johnson's petition for habeas corpus relief, Johnson, following the district court's implicit recommendation, filed a Crim.P. 35(c) motion in the Douglas County District Court, the sentencing court, raising the same claims as those raised in his habeas petition. While the record does not indicate the status of Johnson's Crim.P. 35(c) motion, it may be barred by the statute of limitations set forth in section 16–5–402, 8A C.R.S. (1986) which limits the time period for collaterally attacking criminal convictions. *See People v. Fagerholm*, 768 P.2d 689 (Colo.1989); *cf. People v. Wiedemer*, 852 P.2d 424 (Colo.1993) (holding that Crim.P. 35(c) motions are collateral attacks on criminal convic-

tions that are subject to the time limits of section 16–5–402). The question of whether Johnson's subsequent Crim.P. 35(c) motion is time barred is not before us and we do not attempt to resolve it. However, in the future, district courts must be cognizant of the applicability of section 16–5–402 to *pro se* habeas petitions.

**2.** The sentences for theft from the elderly and conspiracy were to run concurrently with the life sentence.

**3.** Crim P. 35(c) motions are required to filed in the court rendering the sentence because that court maintains the records relating to the con-

Johnson appealed, claiming that the Lincoln County District Court erred by not conducting a hearing on his habeas petition and by not addressing his allegations of error regarding the amendment of the information to include habitual criminal counts after the defense rested, and the simultaneous arraignment and immediate trial of the habitual criminal charges.

## II

■ A habeas corpus proceeding is a civil action, the purpose of which is to determine whether the petitioner is being lawfully detained and held by the respondent. *Cardiel v. Brittian,* 833 P.2d 748, 751 (Colo.1992). "Where the petitioner asserts a right to freedom from custody, the only issue to be resolved is whether the custodian has authority to deprive the petitioner of liberty." *Moody v. Corsentino,* 843 P.2d 1355, 1361 (Colo.1993) (citing *Cardiel,* 833 P.2d at 752). The only parties to a habeas corpus proceeding are the petitioner and the person holding the petitioner in custody, *Cardiel,* 833 P.2d at 751, and the procedures by which Colorado courts conduct the proceedings are statutorily governed by sections 13–45–101 to –119, 6A C.R.S. (1987 & 1992 Supp.).

■ Generally, a court will not consider a request for habeas corpus relief unless the petitioner has no other forms of relief available. *Kodama v. Johnson,* 786 P.2d

417, 419 (Colo.1990); *Mulkey v. Sullivan,* 753 P.2d 1226, 1232 (Colo.1988); *Garrett v. Knight,* 173 Colo. 419, 421 480 P.2d 569, 570–71 (1971). However, we have established a limited exception to the general rule in situations were a *pro se* petitioner has asserted claims in a petition for habeas corpus, that, rather than being brought in a habeas petition should have been raised by way of a Crim.P. 35(c) motion. *See Kailey v. State Dept. of Corrections,* 807 P.2d 563, 567 (Colo.1991) (stating that although the *pro se* habeas petitioner was not entitled to habeas corpus relief, the district court should have treated his petition as a Crim.P. 35(c) motion for post-conviction relief); *Chatfield v. Colorado Court of Appeals,* 775 P.2d 1168, 1173–74 (Colo.1989) (same); *White v. Denver Dist. Court,* 766 P.2d 632, 634 (Colo.1988) (same).[4]

■ In this case, the Lincoln County District Court did not err in its determination that the allegations raised in Johnson's habeas petition were properly raised only on direct appeal, or by way of a Crim.P. 35(c) motion for post-conviction relief and not by a petition for writ of habeas corpus.[5] However, based on our prior decisions, the trial court, rather than denying Johnson's habeas petition, should have converted it to a Crim.P. 35(c) motion and transferred venue to the sentencing court in Douglas County. *See Kailey,* 807 P.2d at 565 (court in which habeas petition was filed treated

---

viction and sentence. Here, the Douglas County District Court, not the Lincoln County District Court, is the proper court to hear the Crim.P. 35(c) motion because the record relating to Johnson's 1985 trial conviction and sentence are in Douglas County.

**4.** This development in our habeas corpus jurisprudence derived from our decision in *Dodge v. People,* 178 Colo. 71, 495 P.2d 213 (1972), in which we *elected* to treat a habeas corpus petition as a motion under Crim.P. 35(c) (then Crim.P. 35(b)) to reach the merits of the petitioner's allegations. *White v. Denver District Court,* 766 P.2d 632 (Colo.1988), expanded on our "election" to treat habeas corpus petitions as Crim.P. 35(c) motions by invoking policy considerations involving finality and judicial economy and concluded that "the trial court *should have* treated [the *pro se* petitioner's] habeas corpus petition as a Crim.P. 35(c) motion for post-conviction relief." *White,* 766 P.2d at 634 (em-

phasis added). *White* cited the *ABA Standards for Criminal Justice* (1980) in support of the policy considerations of finality and judicial economy. The ABA Standards state that "[a]n applicant whose pleading is *dismissed as insufficient* is induced to try again with a better pleading. This is not conducive to real finality, which follows from dispositions on the merits rather than on the quality of the pleadings." *Id.* at 22–4.2 n. 1 (commentary) (emphasis added).

**5.** Johnson's habeas petition alleged that the Douglas County District Court did not have subject-matter jurisdiction to adjudicate him an habitual criminal because the original information did not charge him with violating the habitual criminal act. An allegation that a trial court was without either personal or subject-matter jurisdiction is properly raised in a Crim.P. 35(c) motion for post-conviction relief. *See* Crim.P. 35(c)(2)(III).

petition as a motion for post-conviction relief pursuant to CrimP. 35(c) and transferred venue to the sentencing court).[6] We disapprove of the Lincoln County District Court's denial and dismissal of Johnson's habeas petition. However, in this case there is no reason to transfer venue to Douglas County because Johnson has already filed a CrimP. 35(c) motion in the Douglas County District Court raising substantially the same issues.

## III

■ Because Johnson subsequently filed a Crim.P. 35(c) motion in the sentencing court in Douglas County, ordinarily we would not remand this case back to the Lincoln County District Court. However, subsequent events support our remand. Specifically, the court of appeals reversed Johnson's 1980 second-degree assault conviction which causes Johnson's confinement on the habitual criminal adjudication and the resulting mandatory life sentence to be the key issue in this habeas corpus case. *People v. Johnson*, No. 91CA248 (Colo. App. Nov. 13, 1992), *cert. denied,* No. 93SC13 (Colo. Apr. 19, 1993).

In May 1985, Johnson was adjudged an habitual criminal offender in addition to being convicted by a jury of theft from the elderly and conspiracy.[7] The predicate convictions giving rise to Johnson's habitual criminal adjudication were: (1) a March 25, 1981, conviction for second-degree forgery; (2) a November 17, 1980, conviction for second-degree assault; and (3) a September 22, 1967, conviction for burglary and larceny.

On November 13, 1992, in an unpublished opinion, the court of appeals reversed Johnson's 1980 second-degree assault conviction because the trial court in that case had failed to determine Johnson's competency to proceed to trial after the issue of his competency had been raised. *People v. Johnson,* No. 91CA248 (Colo.App. Nov. 13, 1992), *cert. denied,* No. 93SC13 (Colo. Apr. 19, 1993). On April 19, 1993, we denied the prosecution's petition for writ of certiorari to review the decision of the court of appeals. Because one of the predicate convictions used to support Johnson's habitual criminal adjudication has been reversed, the habitual criminal judgment may be void.[8] If the habitual criminal judgment is void because the statutory requirements of section 16–13–101 have not been satisfied, Johnson would be entitled to immediate release from confinement. *See People v. District Court,* 192 Colo. 375, 376, 559 P.2d 235, 236 (1977) (stating that a defendant is not precluded from challenging an enhanced sentence resulting from an habitual criminal charge if a predicate conviction supporting the sentence enhancement is later reversed).[9]

6. Venue for any CrimP. 35(c) motion attacking Johnson's 1985 conviction is proper only in the court which imposed the sentence. CrimP. 35(c)(2). Because the Lincoln County District Court was not the sentencing court, by the terms of Crim.P. 35(c) it could not properly decide the issues raised in Johnson's habeas petition once the petition is converted to a CrimP. 35(c) motion.

7. The judgment of conviction, sentence, and mittimus, dated December 19, 1985, under which Johnson is currently being confined by the department of corrections states as follows:

The Defendant was arraigned in this Court upon an information previously filed, to which the Defendant was found Guilty, by a verdict of the jury, of the offenses of:
 * Count three; theft from the elderly;
 ** Count four; conspiracy;
 Count eight; habitual criminal (decision by the court)

. . . .
It is now the Judgment and Sentence of the Court that the Defendant be sentenced to the custody of the Executive Director of the Department of Corrections at Canon City, Colorado for a term of life imprisonment. (* four years concurrent, ** two years concurrent).

8. Pursuant to the terms of section 16–13–101, to be adjudged an habitual criminal, a defendant must have either two qualifying felony convictions in the preceding ten-year period, § 16–13–101(1), 8 C.R.S. (1985 Supp.), or three qualifying felony convictions during his lifetime, § 16–13–101(2), 8 C.R.S. (1985 Supp.).

9. Johnson has been incarcerated on the 1985 convictions of theft from the elderly and conspiracy for a period of time exceeding the sentences imposed by the trial court for those crimes. Absent the life sentence imposed on the habitual criminal charge, Johnson would be entitled to immediate release from confinement.

A petition for habeas corpus relief is the proper mechanism for addressing the question of whether Johnson is currently being illegally confined. *See Mulkey,* 753 P.2d at 1232 (stating that habeas corpus is appropriate to review whether a conviction is void). In the interest of judicial economy, rather than requiring Johnson to file a new petition for habeas corpus relief, we remand this case to the Lincoln County District Court with directions to conduct a hearing on the propriety of Johnson's continued confinement as an habitual criminal once his 1980 second-degree assault conviction was reversed.

## IV

We disapprove of the Lincoln County District Court's denial and dismissal of Johnson's petition for writ of habeas corpus in this case. Because Johnson's habeas petition raised issues properly brought under CrimP. 35(c), it should have been converted to a motion for post-conviction relief under Crim.P. 35(c) and transferred to the sentencing court in Douglas County. The court's error was cured, and ordinarily no remand would be necessary because Johnson subsequently filed a CrimP. 35(c) motion in the Douglas County District Court. We remand this case to the Lincoln County District Court to conduct a hearing on the propriety of Johnson's continued confinement as an habitual criminal after reversal by the court of appeals of a predicate conviction that supported the life sentence. *See People v. Johnson,* No. 91CA248 (Colo.App. Nov. 13, 1992), *cert. denied,* No. 93SC13 (Colo. Apr. 19, 1993).