**Rickey Lynn BUTLER, a/k/a Albert Fuggins, Petitioner–Appellant,**

v.

**Aristedes ZAVARAS, Respondent–Appellee.**

**No. 96SA72.**

Supreme Court of Colorado, En Banc.

Oct. 21, 1996.

---

**6.** Because of our ruling on these facts, we do not and may not reach the broader issues concerning constitutionality of the statute as applied to common fund attorney fees that vest after the enactment of section 13–17–203.

Rickey Lynn Butler, Crowley, Pro Se.

Gale A. Norton, Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Clement P. Engle, Senior Assistant Attorney General, Criminal Enforcement Section, Denver, for Respondent–Appellee.

PER CURIAM.

Rickey Lynn Butler appeals from an order of the Crowley County District Court dismissing his petition for a writ of habeas corpus. We affirm the order of the district court.

I

In January 1996, Butler filed a petition for writ of habeas corpus in the Crowley County District Court. The petition alleged that he was an inmate in the Colorado Department of Corrections (DOC), Arkansas Valley Correctional Facility, in Crowley, Colorado. Butler stated that in April 1993 he was charged in the El Paso County District Court "as a fugitive from justice pursuant to warrant issued by the Caddo Parish Louisiana Sheriff." He resisted extradition, and the fugitive from justice charges apparently were dismissed because of the district attorney's failure to produce a governor's warrant.

The petition further stated that Butler "was before Judge Booth also in El Paso County District Court for sentencing on unrelated criminal charges. Judge Booth sentenced [Butler] to a term of confinement in the Colorado Department of Corrections." Butler also asserted that a sheriff in Caddo Parish, Louisiana, had filed a detainer

against him on July 28, 1993. The detainer indicated that Butler was wanted in Louisiana on charges of possession of a firearm by a convicted felon, and possession of schedule I and II controlled substances with intent to distribute. In the petition, Butler asked for the district court to issue a "direct order striking the force and effect of the detainer from Caddo Parish Louisiana within the state of Colorado."

■ The Crowley County District Court dismissed Butler's petition for habeas corpus without holding a hearing. First, the court held that since a copy of the petitioner's warrant of commitment was not attached to the petition, as required by section 13–45–101(1), 6A C.R.S. (1987), the petition would be dismissed. *Evans v. District Court,* 194 Colo. 299, 302, 572 P.2d 811, 813 (1977) (if petition for writ of habeas corpus is not accompanied by warrant of commitment as mandated by section 13–45–101(1), petition should be summarily denied since warrant is jurisdictional requirement). This defect in and of itself is sufficient to uphold the district court's dismissal of the petition. Because Butler might file a corrected petition, however, we elect to address the alternate grounds for dismissal. *See Evans,* 194 Colo. at 302, 572 P.2d at 813 (although considering any other question was unnecessary because the trial court lacked jurisdiction, supreme court addressed additional issue to obviate a second appeal).

■ The district court also found that Butler did "not allege that he is 'entitled to discharge or that the D.O.C. violated a fundamental constitutional right affecting his current conditions of confinement....' *Deason v. Kautzky,* 786 P.2d 420, 423 (Colo. 1990)." The court concluded that the petition was therefore insufficient on its face and should be dismissed. *Id.*

The gist of Butler's argument on appeal is that the pending Louisiana detainer must be stricken since the 1993 fugitive from justice charges were dismissed after no governor's warrant was produced. As the respondent correctly points out, however, Butler's position is a result of his confusion among three separate acts: the Uniform Criminal Extradition Act, (UCEA), §§ 16–19–101 to –132, 8A C.R.S. (1986 & 1996 Supp.); the Uniform Mandatory Disposition of Detainers Act, (UMDDA), §§ 16–14–101 to –108, 8A C.R.S. (1986 & 1996 Supp.); and the Interstate Agreement on Detainers, (IAD), §§ 24–60–501 to –507, 10B C.R.S. (1988).

Based on the record before us, the original fugitive from justice charges were brought to obtain Butler's extradition to Louisiana pursuant to the UCEA. These charges apparently were dismissed in 1993 because of the failure of the district attorney to produce a governor's warrant for Butler's arrest. *See* § 16–19–108, 8A C.R.S. (1996 Supp.). Because the pending detainer was not brought under the UCEA, that Act is no longer relevant. In addition, the requirements of the UMDDA do not apply to Butler because the UMDDA pertains only to *intrastate* detainers, not *interstate* detainers. *See* § 16–14–102, 8A C.R.S. (1986).

■ The record in this court indicates that the current Louisiana detainer was filed pursuant to the IAD, but does not request temporary custody of Butler. The remedy of habeas corpus is not available to test the sufficiency of or to otherwise challenge an IAD detainer because the validity of the prisoner's present DOC confinement is not in question. *Russell v. Cooper,* 724 P.2d 1302, 1304 (Colo.1986) (improper for prisoner serving sentence in Colorado to attack validity of IAD detainer through habeas corpus petition). Moreover, habeas corpus is not available to challenge a prisoner's DOC reclassification due to the existence of a detainer because such reclassification does not rise to the level of a constitutional right violation. *See Reed v. People,* 745 P.2d 235, 239–40 (Colo.1987) (habeas corpus not appropriate to contest DOC reclassification because of a foreign detainer since such reclassification does not rise to level of constitutional violation).

Because it appears on the face of Butler's petition that he is not entitled to habeas corpus relief, the district court properly dismissed the petition without holding a hearing. *Brant v. Fielder,* 883 P.2d 17, 21 (Colo. 1994).

## II

The order of the district court dismissing Butler's petition for writ of habeas corpus is affirmed.