**In the Matter of the Petition of W. D. A.,**

**For the Adoption of an Adult, A. G. P., Petitioners-Appellants,**

v.

**The CITY AND COUNTY OF DENVER, Anthony H. Jansen, Zoning Administrator for the City and County of Denver; and The Board of Adjustment-Zoning for the City and County of Denver, Respondents-Appellees.**

No. 80SA191.

Supreme Court of Colorado, En Banc.

Aug. 10, 1981.

---

Reynard & Booms, P. C., William F. Reynard, Denver, for petitioners-appellants.

Max P. Zall, Denver City Atty., Robert M. Kelly, John L. Stoffel, Jr., Asst. City Attys., Denver, for respondents-appellees.

DUBOFSKY, Justice.

Appellants W.D.A. and A.G.P. appeal an order of the Juvenile Court of the City and County of Denver which allowed the Denver Board of Adjustment-Zoning (board) access to the transcript of an adult adoption proceeding.[1] Because the appellee Denver Zoning Administrator (administrator) failed to establish good cause for opening the confidential record of an adoption proceeding, we reverse the order of the juvenile court.

On June 19, 1978, the administrator issued to the appellants an Order to Cease and Desist Joint Occupancy and Use of their jointly owned residence located in a Denver neighborhood zoned R–0. Section 619.1–3(1)(b) of the Denver zoning ordinance restricts residential use of property in an R–0 district to single unit dwellings. Section 619.400 defines a single unit dwelling as:

"A single detached structure having but one dwelling unit with a single kitchen and housing any number of persons bearing to each other the relationship of: Husband, Wife, Mother, Father, Grandmother, Grandfather, Son, Daughter, Sister, Brother, Stepson, Stepdaughter, Stepbrother, Stepsister, Stepmother, Stepfather, Grandson, Granddaughter, Mother-in-law, Father-in-law, Sister-in-law, Brother-in-law, Daughter-in-law, Son-in-law, Uncle, Aunt, Nephew or Niece living together as a single nonprofit housekeeping unit, plus domestic servants employed for services on the premises."

The appellants appealed the order on the basis that section 619.400 is unconstitutional. They also sought to avoid the order by establishing a relationship which the ordinance allowed. At the board's hearing on October 17, 1978, the appellants introduced an adoption decree entered by the Juvenile Court of the City and County of Denver on September 5, 1978, granting W.D.A.'s petition to adopt A.G.P. as an adult.[2] The

---

1. This case was transferred from the Court of Appeals because the appellants questioned the constitutionality of a statute as applied. Sections 13–4–102 and 13–4–110, C.R.S.1973.

2. W.D.A. filed the petition to adopt A.G.P. in juvenile court on July 26, 1978.

appellants contend that the adoption decree is proof of their relationship as father and son and therefore their joint occupancy of a single dwelling unit in an R–0 district is not in violation of Denver Ordinance 619.400. The board deferred ruling on their appeal pending receipt of a transcript of the testimony in the adoption proceedings in juvenile court.

The administrator petitioned the juvenile court to obtain the transcript. Section 19–4–104, C.R.S.1973. C.R.J.P. 19(c). The juvenile referee determined that the confidentiality protections in section 19–4–104(1), C.R.S.1973, for child adoption proceedings do not apply to adult adoption proceedings and recommended granting the administrator's petition. The appellants sought review in the juvenile court of the referee's recommended order. The juvenile court applied the confidentiality provisions of section 19–4–104(1) to adult adoption proceedings but found that the administrator had established good cause for access to the transcript of the hearing.

The only good cause shown for the release of the transcript of the hearing was the administrator's representation that the record would help the board determine the effect of an adult adoption on the enforcement of the zoning ordinance. However, the question whether an adult adoption creates a father-son relationship entitling the adoptor and adoptee to live in a single dwelling unit under the Denver R–0 zoning ordinance is legal rather than factual. The board has not shown a need for factual information which may appear in the adoption proceeding record sufficient to override confidentiality protections. Therefore, we reverse the order of the juvenile court.

I.

The appellants attack the juvenile court order on the grounds that the administrator did not show sufficient good cause under section 19–4–104(1) to obtain the entire record of the adoption proceeding; that the order violated the appellants' right to privacy protected by the First, Third, Fourth, Fifth, and Ninth Amendments to the United States Constitution; that the order violated section 30–10–101(1), C.R.S.1973 (1980 Supp.), restricting access to pleadings filed in court cases; that the order violated the public records law, section 24–72–204(3), C.R.S.1973, and that, by allowing the transcript of the juvenile court proceeding to be considered in the board hearings, the juvenile court permitted a collateral attack upon its jurisdiction. We resolve the issue under section 19–4–104(1) and hence do not address the other issues which the appellants raise.

Section 14–1–101, C.R.S.1973, governs the adoption of adults. It provides:

"*Adoption of adults.*

(1) Any person desiring to adopt an adult as heir at law shall file his petition therefor in the juvenile court of the county of his residence or the county of the residence of the person sought to be adopted, and thereupon summons shall issue the same as provided in the Colorado rules of civil procedure and be served on the person sought to be adopted. Such person shall file in the court a written answer to the petition within the time required by the summons and shall either consent to such adoption or deny or disclaim all desire to be adopted by such person.

(2) Upon the filing, by the person sought to be adopted, of a disclaimer of all desire to become the heir at law of the petitioner, the petition shall be dismissed by the court, but upon the filing of a consent to such adoption, whether by the person sought to be adopted or by a legally qualified conservator or other representative if such person is non compos mentis at the time, the prayer of the petition shall be granted, and a decree of adoption shall be rendered and entered by the court declaring such person the heir at law of the petitioner and entitled to inherit from the petitioner any property in all respects as if such adopted person had been the petitioner's child born in lawful wedlock, and such decree may or may not change the name of such adopt-

ed person, as the court rendering the decree may deem advisable; and such decree or a certified copy thereof may be used as primary evidence in any court establishing the status of the person so adopted.

(3) Any action for adoption pursuant to this section shall follow the same procedure insofar as practicable as provided in article 4 of title 19, C.R.S.1973, concerning the adoption of children."

When the General Assembly passed the Children's Code, title 19, C.R.S.1973, in 1967, it added to the adult adoption statute the reference in sub-section (3) to the adoption procedures in the Children's Code. Included in that reference is section 19–4–104(1), which provides:

"Records and papers in relinquishment and in adoption proceedings from and after the filing of a petition shall be confidential and open to inspection only upon order of the court for good cause shown. Separate dockets shall be maintained for relinquishment proceedings and for adoption proceedings."

Adult adoption proceedings in juvenile court are confidential. The proceedings are docketed and captioned with initials as a substitute for full names. The appellees give no reasons why it is impracticable to apply the confidentiality procedures required in children's adoption proceedings to adult adoption proceedings. The juvenile court was correct. Section 19–4–104(1) applies to adult adoption proceedings.

## II.

We differ with the juvenile court's decision that the administrator showed good cause for the release of the transcript of the adult adoption proceeding for consideration by the board. The administrator's petition requested the transcript "in order for the Board of Adjustment and any reviewing

court to properly determine the issue raised by the adoption and its effect insofar as it related to the zoning ordinance...." The appellants filed the adoption petition and the final decree of adoption with the board. Counsel for the administrator told the referee that the administrator did not know what the record contained. At oral argument, counsel for the administrator conceded that the only information useful to the board could be found in the petition and decree of adult adoption.[3]

The issue for initial decision by the board, whether the adult adoption statute creates a relationship which the board must recognize in enforcing R–0 zoning restrictions, is legal.[4] The transcript of the adult adoption proceedings would not assist the board in making that decision. There was no good cause for the juvenile court to release otherwise confidential information to the board.

Judgment reversed.

HODGES, C. J., does not participate.

---

**3.** Counsel relied on his argument that section 19–4–104(1) does not apply to adult adoption proceedings.

**4.** The administrator apparently intends to urge that the board not recognize the father-son relationship created by an adult adoption be-

cause section 14–1–101 applies to "[a]ny person desiring to adopt an adult as heir at law...." Whether section 14–1–101 creates a relationship which the board must recognize is not before us, and we express no opinion on it.