24CA2023 Petition of Perez 07-31-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2023
City and County of Denver Juvenile Court No. 24JA69
Honorable Elizabeth McCarthy, Judge

---

Upon the Petition of the

Gloria J. Perez,

Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE WELLING
Grove and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 31, 2025

---

Gloria J Perez, Pro Se

¶ 1      Gloria J. Perez (petitioner) appeals the judgment denying her request for access to the adoption records of H.R. (adoptee). We affirm.

## I.     Background

¶ 2      In Colorado, adoption records are "confidential" and cannot be accessed unless a petitioning party satisfies one of several exceptions. § 19-5-305(1), C.R.S. 2024. As pertinent to this appeal, a party can access adoption records if the party (1) qualifies as an eligible person under section 19-5-305(2); or (2) establishes good cause to release the records under section 19-1-309, C.R.S. 2024, *see* § 19-5-305(1).

¶ 3      In the present case, petitioner petitioned the Denver Juvenile Court for access to adoptee's adoption records. Petitioner asserted that she was eligible to access the records because, as adoptee's first cousin once removed, she was adoptee's "descendant." An adoptions clerk at the juvenile court responded to petitioner's request and told her that she didn't meet the eligibility criteria to receive records under section 19-5-305.5, C.R.S. 2024.

¶ 4      Petitioner refiled her petition, this time asserting that, even if she didn't meet the eligibility criteria, she had "good cause" to

access the records under section 19-1-309. In support, petitioner explained that she was conducting a "family history" and believed that she was one of adoptee's only living relatives. She stated that adoptee's grandmother (who was petitioner's great-grandmother) adopted adoptee between 1916 — when adoptee's mother died — and 1920 — when the federal census identified adoptee as his grandmother's adopted son. The juvenile court didn't find good cause to release the records and denied petitioner's request.

## II.    Discussion

¶ 5    On appeal, petitioner argues that the juvenile court erred by (1) determining that she didn't qualify as adoptee's descendant, or in the alternative, (2) finding that she didn't have "good cause" to access the adoption records. We discern no error.

### A.    Descendant

¶ 6    Petitioner asserts that, because she was adoptee's descendant, the juvenile court erred by declining to release the adoption records to her. We aren't persuaded.

¶ 7    To resolve this question, we must interpret the adoption statutes. Statutory interpretation is a question of law that we review de novo. *People in Interest of C.L.S.*, 313 P.3d 662, 665-66

(Colo. App. 2011).  In construing statutes, appellate courts must ascertain and give effect to the General Assembly's intent by implementing the plain and ordinary meanings of its words.  *People in Interest of J.G.*, 2016 CO 39, ¶ 13.  To discern the plain and ordinary meanings of words not defined by statute, we may consider dictionary definitions.  *See People v. Grosko*, 2021 COA 28, ¶ 18.  If the language in a statute is clear and unambiguous, we apply it as written.  *See State v. Nieto*, 993 P.2d 493, 500 (Colo. 2000).

¶ 8     Section 19-5-305(2)(b)(I)(A) provides that "the custodian of records shall provide direct access to adoption records for inspection and copying by . . . an adult descendant of an adoptee . . . if the adult adoptee is deceased."  The Colorado Children's Code doesn't define "descendant."

¶ 9     Because the Children's Code doesn't define "descendant," we look to a dictionary definition to ascertain the term's plain and ordinary meaning.  *See Grosko*, ¶ 18.  Generally, a "descendant" is "one originating or coming from an ancestral stock or source: one descended from another."  Merriam-Webster Dictionary,

3

https://perma.cc/N9EB-MNMR.[1]  Under this definition, petitioner isn't a descendant of adoptee because, although petitioner and adoptee have a common ancestor (i.e., petitioner's great-grandparents), petitioner doesn't directly descend from adoptee.  In other words, because petitioner isn't adoptee's child, grandchild, great-grandchild, and so on, she isn't his descendant under the statute and, therefore, can't access his adoption records under section 19-5-305(2)(b)(I)(A).

¶ 10    Petitioner doesn't provide us with any argument as to why we should apply a different definition for "descendant" that would include her.  And although we recognize that petitioner appears pro se, we can't create arguments for her, *Minshall v. Johnston*, 2018 COA 44, ¶ 21, or otherwise "act as [her] advocate," *People v. Cali*, 2020 CO 20, ¶ 34.  *Cf. Jones v. Williams*, 2019 CO 61, ¶ 5 (noting

---

[1] We recognize that Black's Law Dictionary provides a more liberal definition of "descendant," defining it as "[s]omeone who, by birth or adoption, follows in the familial line of an ancestor, either lineally *or collaterally*."  Black's Law Dictionary 559 (12th ed. 2024) (emphasis added).  But that definition goes on to provide that a "collateral descendant" is "a relative who is not strictly a descendant, such as a niece or nephew."  *Id.*  Because the Black's Law Dictionary definition acknowledges that a collateral descendant isn't generally considered a descendant, we aren't persuaded that this definition provides a plain and ordinary meaning of the term "descendant."

that appellate courts should broadly construe a pro se party's pleading "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer").

¶ 11     Nor are we persuaded to reach a different result based on petitioner's assertion that the court clerk applied the wrong statute when she rejected the initial petition. To be sure, the clerk noted in the rejection letter that petitioner didn't meet the criteria under section 19-5-305.5, which allows an eligible party to access personal records of a "former ward of the state home for dependent and neglected children," and not section 19-5-305(2)(b)(I)(A). But both statutes allow a "descendant" to access records, and we presume that "descendant" has the same meaning under both sections. Therefore, under either statute, petitioner wasn't adoptee's descendant and thus not eligible to access records.

## B. Good Cause

¶ 12     Petitioner next asserts that the juvenile court erred by finding that she didn't have "good cause" to access the adoption records. Again, we aren't persuaded.

¶ 13    Generally, whether good cause exists depends on the facts of each case and is an inquiry left to the juvenile court's sound discretion. *See People v. Hines*, 2021 COA 45, ¶ 21. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

¶ 14    Neither section 19-5-305 nor section 19-1-309 define good cause or provide any criteria for establishing it. However, our case law indicates that a party can't establish good cause if the party doesn't need the records for its stated purpose. *See In re R.M.C.*, 2022 COA 46, ¶ 39 (noting that psychological father didn't have good cause to access adoption records for purposes of his appeal because his claim involved a "purely legal issue"); *see also W.D.A. v. City & Cnty. of Denver*, 632 P.2d 582, 585 (Colo. 1981) (reversing the juvenile court's finding of good cause because the adoption records wouldn't assist the board in making its legal decision).

¶ 15    In this case, petitioner requested access to adoptee's adoption records because she wanted to "find out where [adoptee] was from age 7-8 living in Denver, CO with his grandmother until he enlisted

6

in the military in Vancouver[,] WA in 1930." We conclude for two reasons that petitioner didn't establish good cause.

¶ 16 First, petitioner hasn't explained how the adoption records would reveal the information she asserts that she needs. As relevant here, an "adoption record" includes (1) non-identifying information about the birth parents and adoptee; (2) an order of relinquishment; (3) an order terminating parental rights; (4) an adoptee's original and amended birth certificate; and (5) a final decree of adoption. § 19-1-103(7)(a), C.R.S. 2024. Because petitioner knows the identity of the birth parents and the adoptee, she doesn't need the non-identifying information that may be contained in the adoption records to which she seeks access. And because adoptee's parents didn't relinquish parental rights or have their parental rights terminated, the adoption records wouldn't contain either document. Finally, petitioner doesn't explain how the adoptee's original and amended birth certificate and final decree of adoption would provide her with the information she wants.

¶ 17 Second, petitioner hasn't directed us to any authority in which a party established good cause to access adoption records based on a desire to conduct a family history. Indeed, courts in other

jurisdictions have determined that a petitioner must show a "compelling need" to access adoption records, *Bradey v. Children's Bureau of South Carolina*, 274 S.E.2d 418, 421 (S.C. 1981), which "must rest on more than mere curiosity," *In re Adoption of S.J.D.*, 641 N.W.2d 794, 800 (Iowa 2002). Because petitioner hasn't shown that her request rests on more than mere curiosity, we conclude that the juvenile court didn't abuse its discretion in denying her request.

## III. Disposition

The judgment is affirmed.

JUDGE GROVE and JUDGE JOHNSON concur.