No. 21281.

GEORGE JAMES MCNAMARA, ETC. *v.* THE PEOPLE
OF THE STATE OF COLORADO.
(410 P.2d 517)

Decided January 31, 1966

EPSTEIN, EPSTEIN & LOZOW, ALEX STEPHEN KELLER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error, George James McNamara, hereinafter called McNamara, by writ of error seeks to reverse a judgment of the district court denying his petition for a writ of habeas corpus.

McNamara was charged in an information with being a fugitive from justice from the State of Iowa for the crime of bigamy. Thereafter, he filed his petition for writ of habeas corpus alleging that he was not a fugitive because he was not in Iowa at the time of the alleged offense. No warrant of commitment, or affidavit in lieu thereof, was attached to the petition.

No writ was ever issued, nor was any return as such ever filed by the respondents named in the petition. Instead, the trial court, over the objection of McNamara, proceeded to a hearing and final determination upon the petition itself. As a result of this hearing it denied the petition.

■■ The trial court was correct in denying the petition, but it should have done so summarily and without a hearing. Under the settled law of this state, a petition which is not accompanied by a copy of the warrant of commitment or an affidavit stating that such has been requested of the custodian and refused by him has no validity and cannot be acted upon. *Wright v. Tinsley,* 148 Colo. 258, 365 P.2d 691.

■ We would again point out that the procedure of holding a hearing on a petition for habeas corpus is completely foreign to the law of this state. If a petition is in proper form and shows on its face that relief must be granted, providing the allegations contained therein are true, then the court must issue the writ. A return would then be required to be made by the person to whom the writ is issued. The issue is made upon the answer and return and the petition then becomes *functus officio.* This is the statutory procedure which is mandatory upon all courts of this state. *Struble v. Hicks,* 123 Colo. 16, 224 P.2d 932.

The judgment is affirmed.