Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 24, 2019

**2019 CO 61**

**No. 18SA189, *Jones v. Williams*—Habeas Corpus—Statutory Interpretation—Jurisdiction.**

In this habeas corpus appeal, the supreme court considers whether a district court may summarily dismiss a petition for lack of jurisdiction because the petitioner failed to include a warrant of commitment, which is required by section 13-45-101(1), C.R.S. (2018). The supreme court holds that noncompliance with the warrant requirement does not deprive courts of jurisdiction over habeas corpus petitions. When the petitioner does not supply all the relevant warrants of commitment and the court believes that all the warrants are necessary for fair resolution of the habeas petition, the court should either ask the petitioner to provide the missing information or consider the petition based on the information provided.

To the extent that *Butler v. Zavaras*, 924 P.2d 1060, 1062 (Colo. 1996), *Evans v. District Court*, 572 P.2d 811, 813 (Colo. 1977), *Garrett v. Knight*, 480 P.2d 569, 570–71 (Colo. 1971), and *McNamara v. People*, 410 P.2d 517, 517–18 (Colo. 1966) hold that noncompliance with the warrant requirement is jurisdictional, deprives the court of authority to act, and requires summary dismissal, the supreme court overrules these cases.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

**2019 CO 61**

---

**Supreme Court Case No. 18SA189**
*Appeal from the District Court*
Fremont County District Court Case No. 18CV35
Honorable Robert Freeman, Magistrate

---

**Petitioner-Appellant:**

Richard S. Jones,

v.

**Respondent-Appellee:**

Dean Williams, Executive Director of the Colorado Department of Corrections.

---

**Judgment Reversed**
*en banc*
June 24, 2019

---

Richard S. Jones, pro se
 *Olney Springs, Colorado*

**Attorneys for Respondent-Appellee:**
Philip J. Weiser, Attorney General
Alison Faryl Kyles, Assistant Solicitor General
 *Denver, Colorado*

**PER CURIAM.**

¶1 The Habeas Corpus Act requires that a habeas petition "be accompanied by a copy of the warrant of commitment." § 13-45-101(1), C.R.S. (2018). In this habeas corpus appeal, we consider whether a district court may summarily dismiss a petition for lack of jurisdiction when the petition includes the petitioner's mittimus for his latest conviction but does not include the mittimuses for two earlier convictions, which he asserts are relevant to his habeas claim. To resolve this issue, we review the constitutional and statutory authority authorizing habeas corpus and our prior caselaw discussing the warrant requirement. We conclude that noncompliance with the warrant requirement does not deprive courts of jurisdiction over habeas corpus petitions. We overrule our prior cases holding that failing to provide a copy of the warrant of commitment is a jurisdictional defect, deprives the court of authority to act on a habeas petition, and requires summary dismissal. Accordingly, we reverse the district court's order dismissing the habeas petition for lack of jurisdiction and remand to the district court for further consideration.

## I. Facts and Procedural History

¶2 Richard S. Jones filed a habeas corpus petition in the district court challenging the Department of Corrections' ("DOC") calculation of his parole eligibility date ("PED"). Jones asserted that the DOC used only his latest 2008 conviction to calculate his PED, but, to correctly calculate his PED, he believed that the DOC's calculation should include two earlier convictions from 1991. If his PED was calculated utilizing the 1991 convictions, Jones argued that he had passed his PED and was being unlawfully denied consideration

2

for parole.[1]  His habeas petition included the mittimus for the 2008 conviction but did not include the mittimuses for the two 1991 convictions.

¶3      In response to Jones's petition, the DOC moved to dismiss for lack of jurisdiction. The DOC characterized Jones's failure to include all three of his mittimuses as a "jurisdictional failure which requires dismissal."  The district court granted the DOC's motion and dismissed the petition.

¶4      Jones appealed the district court's order to this court.  *See* Colo. Const. art. VI, § 2 (outlining appellate jurisdiction of the supreme court); § 13-4-102(1)(e), C.R.S. (2018) (excluding habeas corpus appeals from the jurisdiction of the court of appeals); *see also Nowak v. Suthers*, 2014 CO 14, ¶ 11, 320 P.3d 340, 343.

¶5      Jones is representing himself.  In his appellate briefs, he reasserts the merits of the claims he outlined in his habeas corpus petition.  Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer.  *See People v. Bergerud*, 223 P.3d 686, 696–97 (Colo. 2010).  Broadly construed, Jones argues that he was entitled to a ruling on the merits, and the district court should not have dismissed his petition.

---

[1] We offer no opinion on the merits of Jones's habeas corpus claim.

¶6    Relying on this court's precedent, the DOC contends that the district court properly dismissed the petition because the district court lacked jurisdiction[2] as a result of Jones's failure to provide all three of his mittimuses.[3]

## II. Analysis

¶7    When, as here, the challenge to the court's jurisdiction involves no disputed facts and instead involves interpreting a statutory requirement, we review the district court's dismissal order de novo. *St. Vrain Valley Sch. Dist. RE-1J v. Loveland*, 2017 CO 54, ¶ 10, 395 P.3d 751, 754; *Nowak,* ¶ 17, 320 P.3d at 344. In interpreting a statutory requirement, we must give effect to the General Assembly's intent. *Colorow Health Care, LLC v. Fischer*, 2018 CO 52M, ¶ 11, 420 P.3d 259, 262. To determine that intent, we look at the statute's plain language, apply the text as written, and read the words in context giving the words their ordinary meanings. *Id*.

---

[2] The DOC frames the issue as "[d]id the district court properly dismiss Petitioner Jones's petition for a writ of habeas corpus where the district court lacked *subject-matter* jurisdiction because Jones failed to attach all mit[t]imuses to the petition?" Answer Brief at 1 (emphasis added). We understand the DOC's argument as challenging the district court's authority to entertain a habeas petition that does not comply with the statutory warrant requirement. We do not construe the DOC's argument as challenging the district court's authority to hear habeas petitions as a class of case.

[3] In the Answer Brief, the DOC also asserts that it has recalculated Jones's PED and has now determined that his PED is in September 2019. Because the PED has been recalculated and brought forward, DOC contends that Jones's habeas corpus claim is moot. We disagree. When Jones filed his habeas petition in the district court in May 2018, he alleged that he should have appeared before the parole board "years ago." The DOC's claim on appeal that Jones's recalculated PED is fast approaching does not render moot his claim that his PED has passed. *Cf. Tippet v. Johnson*, 742 P.2d 314, 315 (Colo. 1987) (stating habeas claim rendered moot when the relief requested—complete discharge of sentence—had already occurred).

4

¶8     To decide whether the warrant requirement of section 13-45-101(1) is a jurisdictional requirement, we review the constitutional and statutory authority allowing habeas corpus. We also revisit our caselaw discussing the warrant requirement. We disagree with the DOC and conclude that the statutory requirement that a habeas petition "be accompanied by a copy of the warrant of commitment" is not jurisdictional. Therefore, noncompliance with the statute does not deprive the court of authority to act on the petition. When a habeas petition's allegations involve multiple sentences from multiple cases, a district court should either order the petitioner to provide the missing information or consider the petition based on the information provided.

## A.  Habeas Corpus Authority

¶9     The court's power to hear habeas corpus petitions derives from constitutional and statutory grants of authority. The Colorado Constitution grants the right to seek a writ of habeas corpus. Colo. Const. art. II, § 21. The Habeas Corpus Act, in turn, makes it "lawful . . . to apply to the . . . district courts for a writ of habeas corpus." § 13-45-101(1). Thus, all district courts in Colorado have subject matter jurisdiction to hear and decide habeas corpus cases. *See Horton v. Suthers*, 43 P.3d 611, 615 (Colo. 2002); *see also* Colo. Const. art. VI, § 9 (authorizing district courts to "be trial courts of record with general jurisdiction").

¶10     In addition to granting district courts authority to entertain habeas corpus cases, the Habeas Corpus Act sets out statutory requirements for habeas petitions. Petitions

> shall be in writing and signed by the prisoner or some person on his behalf setting forth the facts concerning his imprisonment and in whose custody he is detained, and *shall be accompanied by a copy of the warrant of commitment*,

5

or an affidavit that the said copy has been demanded of the person in whose custody the prisoner is detained, and by him refused or neglected to be given.

§ 13-45-101(1) (emphasis added).

¶11 The DOC asserts that the statutory warrant requirement is jurisdictional and that noncompliance deprives the court of the authority to act on the petition. To support its position, the DOC relies on *Evans v. District Court*, 572 P.2d 811, 813 (Colo. 1977). *Evans* is the fourth case in a line of cases discussing the warrant requirement. Over time, these cases evolved to equate the statutory requirement with a jurisdictional requirement.

¶12 We first considered the effect of noncompliance with the statutory warrant requirement in reviewing a district court's denial of a habeas corpus petition in 1961. A copy of the warrant of commitment was not included with the petition. *See Wright v. Tinsley*, 365 P.2d 691, 692 (Colo. 1961). We acknowledged the petitioner's failure to follow the statute and stated that "[t]he importance of this statutory provision is immediately apparent. In our consideration of this writ of error we have nothing but the allegations of the pleadings from which to determine the specific convictions upon which the commitment was made." *Id.* But we went on to conclude that "[t]here is nothing shown to indicate that petitioner is being illegally incarcerated at this time or that he is entitled to immediate liberation, the relief sought by this habeas corpus proceeding[]." *Id.*

¶13 Five years later, we again reviewed a district court's denial of a habeas corpus petition which lacked a copy of the warrant of commitment. *See McNamara v. People*, 410 P.2d 517, 517 (Colo. 1966). This time, we did not reach the merits; we stated instead that a petition lacking a copy of the warrant of commitment "has no validity and cannot be

6

acted upon." *Id.* at 518 (citing *Wright*, 365 P.2d at 692). We determined that, in this circumstance, the district court should have summarily denied the petition without a hearing. *Id.* at 517–18. The leap from *Wright*, which characterized the warrant requirement as necessary to provide information to support the petition's allegations, to *McNamara*, which characterized the warrant requirement as necessary to furnish the court with authority to act, was not supported by any reasoning.

¶14 In 1971, borrowing the language from *McNamara*, we continued down this path and expressly described the warrant requirement as "jurisdictional." *See Garrett v. Knight*, 480 P.2d 569, 571 (Colo. 1971). Knight, a juvenile, was convicted in municipal court without the assistance of counsel and sentenced to ninety days in jail. *Id.* at 570. Instead of appealing his conviction, he filed a habeas petition in the district court. *Id.* The petition failed to include the warrant of commitment. *Id.* The district court granted the habeas petition. *Id.* The city appealed and argued that the remedy of habeas corpus was not available to Knight because he could have appealed his municipal conviction; the city also argued that Knight did not procedurally comply with the habeas statute because he did not provide the warrant of commitment. *Id.* We reversed the judgment, agreeing with both points. *Id.* at 570–71. In discussing the warrant requirement, the opinion quoted the section of *McNamara* recited above, then added "[s]uch is a jurisdictional requirement." *Knight*, 480 P.2d at 571.

¶15 Next, in 1977, the superintendent of the Colorado State Penitentiary ("CSP") filed an original proceeding asking this court to prohibit a district court from taking further action on a habeas corpus petition. *Evans*, 572 P.2d at 812. The habeas petition there,

7

which was filed by four CSP inmates, alleged that CSP's regressive classifications deprived them of fundamental rights. *Id*. In the habeas proceeding, the inmates moved to waive the statutory requirement of attaching their warrants of commitment. *Id.* Without ruling on the waiver motion, the district court issued a writ of habeas corpus to the superintendent. *Id*. The superintendent brought an original proceeding, and this court issued a rule to show cause and made the rule absolute. *Id.* at 812. Relying on the cases outlined in the preceding three paragraphs, we held that the warrant requirement "is a mandatory requirement," and "it is therefore jurisdictional." *Id*. at 813. We further indicated that "courts may not waive" the warrant requirement or confer jurisdiction upon themselves. *Id*.; *see also Butler v. Zavaras*, 924 P.2d 1060, 1062 (Colo. 1996) (citing *Evans* with approval).

¶16    The conclusory statements about jurisdiction in these cases mischaracterize the precise effects of noncompliance with the statute. For the reasons explained below, we conclude that noncompliance with the warrant requirement does not deprive the court of jurisdiction over habeas corpus petitions. To the extent that *McNamara*, *Knight*, *Evans*, and *Butler* hold that noncompliance with the statutory requirement to provide a copy of the warrant of commitment is jurisdictional, deprives the court of authority to act on a habeas petition, and requires summary dismissal, we overrule them.

### B.  The Warrant Requirement Is Not Jurisdictional

¶17    The legislature can restrict the court's jurisdiction by making statutory requirements jurisdictional. *See, e.g., State v. Borquez*, 751 P.2d 639, 645 (Colo. 1988) (holding that statutory requirement to seek judicial review of a driver's license revocation

8

in the county of the person's residence was a jurisdictional requirement). But to do so, the legislature must make the limitation on the court's jurisdiction explicit. *See In re A.W.*, 637 P.2d 366, 373–74 (Colo. 1981). The legislature must also possess the authority to limit the court's jurisdiction. *Garcia v. Dist. Court*, 403 P.2d 215, 218–19 (Colo. 1965) (holding that the General Assembly did not have the authority to limit by statute the constitutional grant of authority to the district court).

¶18 In the Habeas Corpus Act, we find no language expressly or by necessary implication limiting the court's jurisdiction to hear habeas corpus cases. *See* § 13-45-101(1) ("[I]t is lawful . . . to apply to the . . . district courts for a writ of habeas corpus."). The procedures set out in the statute, including the warrant requirement, implement the constitutional right to seek a writ of habeas corpus. *See* Colo. Const. art. II, § 21; *see also* U.S. Const. art. I, § 9, cl. 2. And the Colorado Constitution provides that "[t]he privilege of the writ of habeas corpus shall never be suspended, unless when in case of rebellion or invasion, the public safety may require it." Colo. Const. art. II, § 21. We have referred to this right in the most sweeping terms, calling habeas corpus "the great writ of freedom in Anglo-American jurisprudence" and have admonished that "it is not to be hedged or in anywise circumscribed with technical requirements." *People ex rel. Wyse v. Dist. Court*, 503 P.2d 154, 156 (Colo. 1972); *see also Geer v. Alaniz*, 331 P.2d 260, 261 (Colo. 1958).

¶19 Our decision to read the warrant requirement as a statutory procedural requirement, instead of a jurisdictional requirement, is supported by subsection (1) of section 13-45-101. The subsection sets out requirements for a petition for a writ of habeas

corpus: the petition must be in writing, signed, set out facts concerning the imprisonment and state in whose custody the prisoner is detained, and be accompanied by the warrant of commitment. § 13-45-101(1).

¶20 The subsection then goes on to instruct the district court how to proceed after receiving a petition: "The court to which the application is made shall forthwith award the writ of habeas corpus, unless it appears from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail nor in any other manner relieved." *Id.* We have interpreted this to mean that unless a petition for habeas corpus makes a prima facie showing of unlawful detention or demonstrates a serious infringement of a fundamental right, it is insufficient on its face and should be dismissed without a hearing. *See Christensen v. People*, 869 P.2d 1256, 1259 (Colo. 1994).

¶21 Dismissal under these circumstances, however, is not the same as dismissal for lack of jurisdiction. We believe that the warrant requirement outlined in the statute should be treated in the same manner as the statutory requirement that the petition set out the grounds entitling the petitioner to relief. As we stated in *Wright*, the warrant requirement's purpose is obvious: the warrant of commitment provides important factual information to the habeas court to assist the court in assessing whether the petitioner is entitled to relief. *Wright*, 365 P.2d at 692. We now clarify that failure to include the warrant with the petition does not deprive the district court of authority to act on the petition and should not result in summary dismissal for lack of jurisdiction.

10

## C. Jones's Petition Invoked the District Court's Jurisdiction

¶22    Jones filed a habeas corpus petition in the district court. The petition alleged that he was being denied parole consideration because the DOC miscalculated his PED by using only his 2008 conviction and ignoring his 1991 convictions. He referenced his 1991 convictions and provided the mittimus for his 2008 conviction. These steps were sufficient to invoke the district court's jurisdiction over the petition. Thus, the district court erred in dismissing the case for lack of jurisdiction. Accordingly, we reverse the district court's order, and we remand the case to the district court to consider the merits of Jones's petition.

¶23    Jones's habeas claim is not an uncommon one. *See, e.g., Exec. Dir. of Colo. Dep't of Corr. v. Fetzer*, 2017 CO 77, ¶¶ 3–4, 396 P.3d 1108, 1109; *Nowak*, ¶¶ 5–7, 320 P.3d at 342–43. When, as here, the petitioner does not supply all the relevant warrants of commitment and the district court believes that all the warrants are necessary for fair resolution of the habeas petition, the district court should either ask the petitioner to provide the missing information or consider the petition based on the information provided.[4]

## III. Conclusion

¶24    Because Jones's petition was sufficient to invoke the court's jurisdiction to act, we reverse the district court's order summarily dismissing the petition for lack of

---

[4] In this case, though, all three of Jones's mittimuses are in the record. After the DOC moved to dismiss the case, Jones filed his two 1991 mittimuses. It's unclear whether the district court reviewed them before granting the motion to dismiss.

jurisdiction. We hold that noncompliance with the warrant requirement of section 13-45-101(1) does not deprive courts of jurisdiction over habeas corpus petitions. We remand the case to the district court for consideration of the petition's merits.