23CA1956 Estate of Whiteside 12-26-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1956
City and County of Denver Probate Court No. 23PR30408
Honorable Elizabeth D. Leith, Judge

In the Matter of the Estate of Dorene Gayla Whiteside, deceased.

Shlonda Butts-Cosby,

Appellant,

v.

Shellisa L. Holloway, Melissa Schwartz, and Ta'Sha Burt,

Appellees.

ORDER AFFIRMED

Division IV
Opinion by JUDGE KUHN
Harris and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

Shlonda Butts-Cosby, Pro Se

Shellisa L. Holloway, Pro Se

Schwartz, McMinimee & Andrew, LLC, Melissa R. Schwartz, Carin Ramirez, Denver, Colorado, for Appellee Melissa Schwartz

Ta'Sha Burt, Pro Se

¶ 1    In this intestate succession case, Shlonda Butts-Cosby, pro se, appeals the probate court's order approving a settlement agreement between the interested parties below, dismissing many of her filings and motions as moot, and ordering her to vacate the residence of the decedent, Dorene Gayla Whiteside.  We affirm.

## I.    Background

¶ 2    Butts-Cosby, Whiteside's daughter and one of her heirs, lived with Whiteside in her residence before she passed away in November 2022.  The residence is the estate's only asset.  Whiteside had five other biological and adopted children and heirs, Shellisa Holloway, Leland Butts Jr., DonTrell D. Burt, Tasha Alexander, and Ta'Sha Burt.  Holloway filed a petition for adjudication of intestacy and to appoint herself as personal representative, which all of the heirs supported except for Butts-Cosby.  The court ultimately appointed a special administrator and ordered that the parties attend mediation to resolve the disposition of Whiteside's home.

¶ 3    The mediation succeeded, and the parties executed a settlement agreement on July 11, 2023.  In the settlement agreement, the heirs agreed that Holloway would withdraw her petition to appoint herself as personal representative and that

1

Butts-Cosby would withdraw all of her objections currently pending before the court. The agreement provided that Whiteside's property would be sold and the remaining proceeds distributed per the laws of intestate succession. The heirs also agreed that certain expenses of Holloway and Butts Jr. would be reimbursable from the estate. Upon approval of the probate court, each party to the settlement agreement forever discharged all claims related to Whiteside's property.

¶ 4 The settlement agreement also allowed the parties ten days after the last party had signed to consult with an attorney and object to the agreement. Each of the heirs signed the agreement. Holloway was the last to sign on July 12.

¶ 5 On July 21, Butts-Cosby filed a document titled "objection," in which she requested more time to retain an attorney. Then, on August 8, Butts-Cosby filed a document that she asserted was Whiteside's last will. The purported holographic will consisted of copies of two pages, dated November 5, 2015, and contained notes regarding Whiteside's house and several names, including those of Holloway and Butts-Cosby.

¶ 6     The court noted that Butts-Cosby had failed to comply with the agreement's ten-day window to consult with an attorney. Nonetheless, it ordered that Butts-Cosby set the matter for a hearing within fourteen days.

¶ 7     The court held the hearing in late October 2023 — at which Butts-Cosby appeared pro se — and made the following pertinent findings:

- Butts-Cosby was not paying rent to the estate, and she was not paying the mortgage. She had sporadically made payments toward the utilities.

- Holloway paid the majority of the payments toward the house expenses, including the mortgage.

- Butts-Cosby's testimony regarding her caretaker status was not credible and was unsupported by the evidence.

- The settlement agreement included a full waiver of all claims.

- Butts-Cosby was aware that a purported holographic will, which consisted of the journal entries, existed prior to the July 11 mediation.

- Butts-Cosby did not file a petition to probate this will, did not secure a handwriting expert or other testimony to support her claim, and did not show that the purported journal entries had testamentary intent.

- The original purported holographic will is not in the possession of the probate court.

¶ 8 The probate court ultimately found, based on Butts-Cosby's statements at the hearing, that

> [Butts-Cosby] was aware that a holographic Will purportedly existed and signed the Settlement Agreement waiving any and all rights not incorporated therein. Thus, even were the document to constitute a Will, the Court specifically finds that she waived the right to proffer it to the Court by not including such right in the Settlement Agreement. The court further finds that she abandons the right to probate the purported Will for not timely prosecuting it.

¶ 9 The probate court then approved the settlement agreement and ordered Butts-Cosby to cooperate with the sale of the house.

## II. Analysis

¶ 10 Butts-Cosby contends that the trial court erred by not accepting and ruling on the holographic will. We disagree.

4

## A.    Standard of Review

¶ 11    "[P]leadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Johnson v. McGrath*, 2024 COA 5, ¶ 10 (quoting *Jones v. Williams*, 2019 CO 61, ¶ 5).  It is not this court's role, however, to rewrite a pro se litigant's pleadings.  Nor may we act as an advocate for a pro se litigant.  *Id.* (citing *People v. Cali*, 2020 CO 20, ¶ 34).

¶ 12    A court may approve a settlement agreement resolving an estate dispute as long as certain conditions are satisfied. § 15-12-1102, C.R.S. 2024.  We review the district court's approval of the settlement agreement for an abuse of discretion.  *See Saunders v. Muratori*, 251 P.3d 550, 555 (Colo. App. 2010).  A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair.  *Id.*

## B.    The Purported Holographic Will

¶ 13    Butts-Cosby argues that the probate court erred because "[t]he accepting and ruling on the holographic Will must be included because it was in the original case for the probate court."  This statement is the entirety of the argument presented in her opening

5

brief. Because Butts-Cosby is pro se, we construe this argument liberally, *see McGrath*, ¶ 10, viewing it within the context of the probate court's order denying the purported holographic will and accepting the settlement agreement.

¶ 14    Butts-Cosby's argument that the probate court erred by not ruling on the purported holographic will is refuted by the record. The court's post-hearing order specifically addressed the holographic will and found that Butts-Cosby failed to probate the will and that she knew of the will's existence before she signed the settlement agreement. Most importantly, the probate court found that Butts-Cosby signed and agreed to the settlement agreement's terms. The court found that the settlement agreement complied with the laws of intestacy in Colorado. And by signing that agreement to resolve the disputes over the estate, Butts-Cosby waived her ability to later seek to probate the will. Butts-Cosby points us to nothing in the record — nor have we seen anything on our own review — calling the probate court's findings into question. The order both addressed and ruled on the purported holographic will.

¶ 15    Butts-Cosby's opening brief does not challenge the settlement agreement itself. And to the extent she does so in her reply brief, it is well-settled law that "[w]e do not consider arguments raised for the first time in a reply brief." *In Interest of L.B.*, 2017 COA 5, ¶ 48.

¶ 16    We agree with the probate court that the signed settlement agreement was intended to resolve the estate dispute, and it contains no provision permitting a subsequent will contest. Butts-Cosby signed it with the knowledge that a holographic will could have existed. Doing so, she waived her right to pursue additional claims against the estate involving that will.

¶ 17    In addition, the court found that the agreement is in the best interest of the estate, it was served on all the heirs, it resolved the dispute in good faith, and its terms are just and reasonable. *See* § 15-12-1102; *Saunders*, 251 P.3d at 555. These findings have record support. Thus, we discern no abuse of discretion in the probate court's order adopting the settlement agreement and its refusal to accept the purported holographic will.

## III.    Disposition

¶ 18    The order approving the settlement agreement is affirmed.

JUDGE HARRIS and JUDGE YUN concur.