24CA1013 Peo v Collins 07-31-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1013
Larimer County District Court No. 16CR1394
Honorable Gregory M. Lammons, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Thomas Ray Collins,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE BROWN
Dunn and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 31, 2025

---

Philip J. Weiser, Attorney General, John T. Lee, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Thomas Ray Collins, Pro Se

¶ 1        Defendant, Thomas Ray Collins, appeals the postconviction

court's order denying his Crim. P. 35(c) motion without a hearing.

We affirm.

## I.        Background

¶ 2        A division of this court provided the following relevant factual

background when deciding Collins' direct appeal:

> Collins and [Shane] McWhorter got into a
> physical altercation.  McWhorter came out on
> top and, thinking that he had rendered Collins
> unconscious, walked away toward a shed.
> Collins, however, shot at McWhorter four times
> with a .22 revolver, striking him once in the
> back and rendering him paralyzed from the
> waist down.
>
> . . . Collins told the police that while visiting a
> friend, a man had jumped him and hit him
> over the head with a gun, whereupon Collins
> took the gun away from the man and shot him.
>
> . . . .
>
> At trial, Collins asserted self-defense.

*People v. Collins*, slip op. at ¶¶ 2-5 (Colo. App. No. 17CA1290, July

16, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 3        Based on the evidence presented at trial, a jury found Collins

guilty of attempted second degree murder and first degree assault.

The district court sentenced Collins to two concurrent

1

twenty-eight-year sentences in the custody of the Department of Corrections (DOC). A division of this court affirmed Collins' convictions on direct appeal. *Id.* at ¶ 25. The mandate issued on September 11, 2020.

¶ 4 In September 2023, Collins filed a pro se motion for postconviction relief under Crim. P. 35(c) alleging a violation of section 18-1.3-406(1)(a), C.R.S. 2024, and requesting a proportionality review of his sentence. The motion was accompanied by an application for appointment of counsel and a letter seeking additional time to supplement the motion with "evidence outside the record" from the victim supporting the requested proportionality review.

¶ 5 In October, Collins filed a supplemental Crim. P. 35(c) motion, asserting claims that (1) trial counsel provided ineffective assistance during plea negotiations; (2) trial counsel provided ineffective assistance by misadvising Collins about his right to testify; and (3) McWhorter had drafted a letter to "request that [Collins] be granted a restorative justice hearing" and to "tell the court the truth about what occurred between he and [Collins]." Collins filed a separate document setting forth his "claim of justifiable excuse or

excusable neglect" for not timely filing his postconviction motion — namely, that his legal file had been confiscated when his "prisoner legal assistant" was arrested. Collins again sought appointment of counsel.

¶ 6 The postconviction court initially ordered the prosecution to respond to Collins' Crim. P. 35(c) motion by the end of November. But the prosecution sought clarification of that order, explaining that the proper procedure under Crim. P. 35(c) is for the court to first determine whether Collins' motion has arguable merit. If the motion does not have arguable merit, the court should summarily deny it. But if Collins has a potential claim for relief, his motion should be served on the Office of the Public Defender, who can assess Collins' claims and raise additional claims before the prosecution must respond. Crim. P. 35(c)(3)(IV)-(V).

¶ 7 In early November, Collins filed a second supplemental Crim. P. 35(c) motion that reasserted his request for postconviction counsel and argued that McWhorter's letters, which were attached

to the filing, amounted to newly discovered exculpatory evidence that entitled him to an acquittal.[1]

¶ 8    On November 15, 2023, the postconviction court entered two orders: first, it vacated its order setting a deadline for the prosecution to respond to Collins' Crim. P. 35(c) motion; and second, it denied Collins' motion without a hearing, concluding that the motion had not been timely filed and that Collins had not demonstrated justifiable excuse or excusable neglect for the late filing.

¶ 9    Collins successfully moved the postconviction court to reconsider its order denying his motion as time barred.  But in April 2024, the court nonetheless denied Collins' motion on the merits. With respect to the ineffective assistance of counsel claims, the court explained that Collins "failed to satisfy the requirements of *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] that would afford him a hearing on the merits of his argument."  With respect to the

---

[1] We consider Collins' September motion, October supplement, and November supplement collectively as Collins' Crim. P. 35(c) postconviction motion.

McWhorter letters, the court concluded that the letters did not constitute newly discovered evidence under Crim. P. 35(c)(2)(V).

## II. Liberal Construction of Collins' Appeal

¶ 10    "Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *People v. Cali*, 2020 CO 20, ¶ 34 (quoting *Jones v. Williams*, 2019 CO 61, ¶ 5). Still, it is not our role to rewrite a pro se litigant's pleadings or to act as their advocate. *Id.* For this reason, we can only address arguments that Collins clearly argues on appeal. *See People v. Durapau*, 280 P.3d 42, 49 (Colo. App. 2011) (declining to address bare and conclusory contentions made without any supporting argument or analysis).

¶ 11    Construing Collins' opening brief broadly, we understand him to contend the following: (1) the postconviction court erred by failing to follow the procedures for resolving his motion set forth in Crim. P. 35(c)(3)(IV) and (V); (2) the DOC, the Investigator General's Office, and the District Attorney colluded in some way related to the McWhorter letters; (3) he is entitled to a change of venue on

remand; and (4) the entirety of his sentence should be reviewed under Crim. P. 35(c).

¶ 12    We conclude that the postconviction court followed the correct procedures in resolving Collins' Crim. P. 35(c) motion.  We also conclude that Collins' remaining contentions are not developed enough for us to address them or are not properly before us because they were not raised in his postconviction motion. Accordingly, we affirm the court's order denying Collins' Crim. P. 35(c) motion.

### III.    Alleged Procedural Error

¶ 13    Collins contends that the postconviction court erred by failing to follow the procedures for resolving his motion set forth in Crim. P. 35(c)(3)(IV) and (V).  As best we understand, Collins contends that once the court ordered the prosecution to respond, it was obligated to appoint him postconviction counsel and to allow counsel to supplement his motion.  We disagree.

### A.    Standard of Review and Applicable Law

¶ 14    We review the postconviction court's interpretation and application of the rules of criminal procedure de novo.  *People v.*

*Higgins*, 2017 COA 57, ¶ 11; *People v. Ramos*, 2012 COA 191, ¶ 46, *aff'd*, 2017 CO 6.

¶ 15　　When a defendant files a motion for postconviction relief under Crim. P. 35(c), the postconviction court must first review the motion to determine if the defendant raised any factual or legal grounds for relief. Crim. P. 35(c)(3)(IV); *Higgins*, ¶ 4. If the motion, files, and record demonstrate that the defendant is not entitled to relief, the court must enter written findings of fact and conclusions of law denying the motion. Crim. P. 35(c)(3)(IV); *Higgins*, ¶ 4. But if the court determines that the motion contains a claim with arguable merit, the court must serve a copy of the motion on the prosecutor and, if the defendant requested the appointment of counsel, on the public defender. Crim. P. 35(c)(3)(V); *Higgins*, ¶ 5; *see also People v. Segura*, 2024 CO 70, ¶¶ 7, 26. The statutory right to postconviction counsel is triggered only if the court determines that the defendant's motion contains at least one claim with arguable merit. *Higgins*, ¶ 15; *see also Segura*, ¶ 34 (clarifying that the court and the public defender *both* must determine that a defendant's motion has arguable merit before the statutory right to postconviction counsel is triggered).

## B. The Postconviction Court Followed the Procedures in Crim. P. 35(c)(3)(IV) and (V)

¶ 16 When a defendant files a Crim. P. 35(c) motion and requests postconviction counsel, the postconviction court has two options: (1) it may conclude that none of the defendant's claims has arguable merit, in which case it must deny the motion by entering written findings of fact and conclusions of law; or (2) it may conclude that at least one claim has arguable merit, in which case it must grant the request for postconviction counsel and forward a copy of the motion to the public defender. Crim. P. 35(c)(3)(IV)–(V); *see Segura*, ¶ 7. Here, the postconviction court chose option one — it concluded that Collins' motion failed to raise grounds that would entitle him to relief and summarily denied the motion under Crim. P. 35(c)(3)(IV).

¶ 17 We acknowledge that the postconviction court initially invited the prosecution to respond *before* it determined whether any of Collins' contentions had arguable merit. Had the court proceeded to consider the prosecution's response before denying Collins' motion, it would have erred. *See Higgins*, ¶ 13 (the postconviction court erred by sending a copy of the defendant's postconviction

motion to the prosecution, but not to the public defender, and then denying the motion after reviewing the prosecution's response); *see also* Crim. P. 35(c)(3)(V) (requiring the court to direct the prosecution to respond to the defendant's claims only after the public defender has the opportunity to respond).

¶ 18     Critically though, the prosecution notified the court of its mistake, and the court vacated its briefing order before the prosecution submitted a substantive response. Then the court entered written findings of fact and conclusions of law explaining why Collins' motion failed to raise grounds that would entitle him to relief. *See* Crim. P. 35(c)(3)(IV). Despite its temporary departure from the required procedure, the court ultimately denied Collins' motion under Crim. P. 35(c)(3)(IV).

¶ 19     Collins was only entitled to have his motion forwarded to the public defender *if* the court did *not* summarily deny the motion under Crim. P. 35(c)(3)(IV). *See* Crim. P. 35(c)(3)(V). That circumstance never materialized. *See Higgins*, ¶ 15 ("Under the rule, the event that triggers a [postconviction] court's duty to comply with Crim. P. 35(c)(3)(V)'s procedure is its decision not to summarily deny the defendant's motion."). Thus, we conclude that

the postconviction court followed the procedures set forth in Crim. P. 35(c)(3)(IV) and (V) when denying Collins' postconviction motion. *See Segura*, ¶ 26; *Higgins*, ¶ 5.

IV. Remaining Appellate Contentions

¶ 20 As best we understand, Collins also contends that (1) the DOC, the Investigator General's Office, and the District Attorney colluded in some way related to the McWhorter letters; (2) he is entitled to a change of venue on remand; and (3) the entirety of his sentence should be reviewed under Crim. P. 35(c). But Collins does not support these contentions with any discernable argument or authority, so we decline to address them because they are conclusory and underdeveloped. *See People v. Gregory*, 2020 COA 162, ¶ 55. In addition, it appears that Collins did not raise these arguments in his postconviction motion, so we also decline to address them to the extent they are raised for the first time on appeal, *see People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996), or for the first time in his reply brief, *see People v. Mendoza*, 313 P.3d 637, 647 (Colo. App. 2011).

## V.   Abandoned Postconviction Contentions

¶ 21   In his opening brief, Collins does not argue the merits of his postconviction claims that (1) his trial counsel provided ineffective assistance during plea negotiations; (2) his trial counsel provided ineffective assistance by misadvising him about his right to testify; (3) the McWhorter letters amounted to newly discovered evidence entitling him to relief; (4) there was a violation of section 18-1.3-406(1)(a); and (5) he was entitled to a proportionality review of his sentence.  We deem these claims, and any other claims raised in his postconviction motion but not on appeal, abandoned.  *People v. Ortega*, 266 P.3d 424, 428 (Colo. App. 2011).

## VI.   Disposition

¶ 22   We affirm the postconviction court's order denying Collins' Crim. P. 35(c) motion.

JUDGE DUNN and JUDGE SCHOCK concur.