24CA2215 Marriage of Solis Encarnacion 08-07-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2215
Arapahoe County District Court No. 21DR1560
Honorable Christine Alexandra Washburn, Judge
Honorable Amanda Jane Bradley, Magistrate

In re the Marriage of

Cesar Alejandro Solis Encarnacion,

Appellant,

and

Ashley Solis Encarnacion,

Appellee.

## ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Harris and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 7, 2025

Cesar Alejandro Solis Encarnacion, Pro Se

No Appearance for Appellee

¶ 1    In this dissolution of marriage case between Cesar Alejandro Solis Encarnacion (father) and Ashley Solis Encarnacion (mother), father appeals from the district court's adoption of the magistrate's order denying his motion to disclaim paternity.  We affirm.

## I.    Background

¶ 2    The court file reflects that the parties were married in 2011.  Seven months later, one child was born to the marriage.  Father filed an action to dissolve the parties' marriage in 2021.

¶ 3    In April of 2023, father filed a Motion to Convert Petition for Dissolution of Marriage to Declaration of Invalidity, based, in part, on a DNA test that indicated "nonparentage by [father] of the child [of the marriage]."  Father argued that mother conceived the child with another man before the parties were married and that father married mother because "she fraudulently led [him] to believe she was pregnant with his child."  Father requested a hearing for determination of nonparentage.  In response, mother disputed the validity of the DNA test and "implied that [father] did not have the child . . . complete the test, but an imposter child."  The magistrate scheduled a status conference on father's motion, but the parties

agreed to a continuance because mother's attorney was hospitalized.

¶ 4    Four months later, nearly twelve years after the child was born, father filed a Motion and Petition to Disclaim Paternity, along with a new Motion and Petition for Invalidity of Marriage. In his new motions, father asked the court to order DNA testing but did not renew his request for a hearing. The magistrate then scheduled a hearing on the Motion and Petition for Invalidity of Marriage but dismissed the Motion and Petition to Disclaim Paternity, pursuant to section 19-4-107(1)(b), C.R.S. 2024, because the child was over five years old.

¶ 5    Father filed a petition for review of the magistrate's order and the district court judge denied the petition and adopted the magistrate's order. Nearly one year later, the district court entered permanent orders after a contested hearing. In its permanent orders, the court noted that it previously denied father's motion to disclaim paternity and implicitly reaffirmed its earlier adoption of the magistrate's order.

¶ 6    Representing himself, father appealed.

A.    Standard of Review and Applicable Law

¶ 7    Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review. *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22. We must accept the magistrate's factual findings to determine whether they have support in the record. *In re Marriage of Young*, 2021 COA 96, ¶ 8. However, we review de novo questions of law, including questions of statutory interpretation and whether the magistrate applied the correct legal standard. *See Sheehan*, ¶ 22; *Young*, ¶¶ 8-9.

¶ 8    When a paternity issue arises, the court must follow the procedures outlined in the Uniform Parentage Act (UPA), §§ 19-4-101 to -130, C.R.S. 2024. *See People in Interest of J.G.C.*, 2013 COA 171, ¶ 11. Section 19-4-105(1)(a), C.R.S. 2024, states that a person is presumed to be the natural parent of a child if the person and the parent who gave birth to the child were married at the time the child was born. The UPA protects parental relationships and "[t]hat purpose finds expression in the strong presumption of paternity accorded to a man married to the child's mother at the time of [the child's] birth." *People in Interest of S.L.H.*, 736 P.2d

3

1226, 1227 (Colo. App. 1986).  This presumption protects the family unit and improves "the system of support enforcement."  *Id.* at 1227-28.

¶ 9    Section 19-4-107(1)(b), C.R.S. 2024, provides that certain parties, including a man presumed to be the child's father, under UPA section 19-4-105(1)(a), may bring an action to declare the nonexistence of the presumed father and child relationship no later than five years after the child's birth.  Failing to bring an action for nonexistence of paternity before the child is five years old bars any such later-filed action.  *Id.*

## B.    Analysis

¶ 10    It is difficult to discern what father's appellate arguments are. We recognize that "[p]leadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer."  *Jones v. Williams*, 2019 CO 61, ¶ 5.  "It is not this court's role, however, to rewrite a pro se litigant's pleadings.  Nor may we act as an advocate for a pro se litigant."  *People v. Cali*, 2020 CO 20, ¶ 34 (citation omitted).

¶ 11    Regardless, we discern no error in the district court's denial of father's motion to disclaim paternity. Because the parties were married to each other when the child was born, father was precluded from challenging his presumed paternity five years after the child's birth. Consequently, the court correctly concluded that the action was time-barred pursuant to § 19-4-107(1)(b). *See Cali*, ¶ 18 (if a statute is unambiguous, we need not resort to other methods of statutory interpretation); *see also S.L.H.*, 736 P.2d at 1228 ("[T]he presumption that petitioner is the natural father because the child was born during the parties' marriage has the greater weight of policy and logic behind it, and therefore, that presumption controls.").

¶ 12    Given our disposition, we reject father's related contentions that the district court erred by failing to order genetic testing pursuant to section 13-25-126, C.R.S. 2024, and that he did not receive a hearing pursuant to section 19-4-128, C.R.S. 2024 (though we note that father did not demand a hearing in his second motion to disclaim paternity).

¶ 13    Because the district court properly dismissed father's petition to disclaim paternity as untimely, we also reject father's contention

that child support should be terminated. *See* 14-10-122(6)(a), C.R.S. 2024 (allowing individual named as father to file a motion to terminate child support if genetic testing pursuant to section 13-25-126 excludes the individual as a biological parent). As we already mentioned above, the district court properly denied father's request for genetic testing under section 13-25-126.

## III. Disposition

The order is affirmed.

JUDGE HARRIS and JUDGE SCHUTZ concur.