25CA0669 Peo v Van Pelt 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0669
Mesa County District Court No. 21CR63
Honorable Jennilynn Everett Lawrence, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Levi Van Pelt,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE SCHUTZ
J. Jones and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Levi Van Pelt, Pro se

¶ 1     Defendant, Levi Van Pelt, appeals the district court's order denying his Crim. P. 35(c) motion without a hearing.  We affirm the order.

## I.     Background

¶ 2     The prosecution charged Van Pelt with numerous offenses, including first degree murder, arising from his shooting of the victim over an alleged drug debt.  Van Pelt pleaded guilty to added counts of reckless manslaughter and tampering with a witness in exchange for dismissal of the remaining counts.  In accordance with the plea agreement, the district court imposed consecutive sentences totaling twenty years in the custody of the Department of Corrections.  The court's mittimus notes that Van Pelt had served 394 days of presentence confinement.

¶ 3     Van Pelt moved for postconviction relief under Crim. P. 35(c) alleging ineffective assistance of plea counsel.  In his brief pro se Crim. P. 35(c) motion, Van Pelt claimed that plea counsel misadvised him that the 394 days of presentence confinement credit would be applied to each of his sentences and that he would receive ten days of "earned time" for each month of presentence

confinement.  Thus, Van Pelt argued he was entitled to 1,068 days[1] of presentence confinement credit.[2]  The postconviction court issued a thorough written order denying Van Pelt's motion without a hearing.

## II.     Standard of Review and Applicable Law

¶ 4     We review de novo the district court's denial of a Crim. P. 35(c) motion for postconviction relief without an evidentiary hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

---

[1] Van Pelt alleged in his 35(c) petition that he understood from his counsel that he

> would receive 394 days of [presentence] confinement awarded on both counts [to which he pleaded guilty, and that he] . . . .would also receive 10 days of earned time per month off of each count which is 140 days per count (January 2021-[F]ebruary 2022 = 14 months @ 10 days/ month). All of this together  equals 1[,]068 days (394x2 + 140x2)."

[2] Van Pelt also argued that he believed he could not receive consecutive sentences and that he would receive concurrent sentences.  But that claim has not been reasserted here and has therefore been abandoned on appeal.  *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (a defendant's "failure to specifically reassert on this appeal all of the claims which the district court disposed of . . . constitutes a conscious relinquishment of those claims which he does not reassert").

¶ 5    In a Crim. P. 35(c) proceeding, a judgment of conviction is presumed valid, and the defendant bears the burden of establishing his claim. *People v. Corson*, 2016 CO 33, ¶ 25. To warrant a hearing on a Crim. P. 35(c) motion, a defendant must allege facts that, if true, would entitle him to relief. *People v. Joslin*, 2018 COA 24, ¶ 4. A postconviction court may deny a Crim. P. 35(c) motion without an evidentiary hearing when the motion, files, and record clearly establish that the allegations are bare and conclusory. Crim. P. 35(c)(3)(IV); *People v. Duran*, 2025 COA 34, ¶ 15. The statutory right to postconviction counsel is triggered only if the motion survives the postconviction court's initial review under Crim. P. 35(c)(3)(IV). *See* Crim. P. 35(c)(3)(V).

¶ 6    A defendant has a constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To establish ineffective assistance of counsel under the *Strickland* standard, a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him. *Id.* at 687. An ineffective assistance claim fails if the defendant is unable to satisfy either the deficient performance or the prejudice prong of the *Strickland* standard. *Id.* at 697.

¶ 7　　To establish prejudice in the context of a guilty plea, a defendant must demonstrate that, but for counsel's deficient performance, he would have rejected the plea and "insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see People v. Sifuentes*, 2017 COA 48M, ¶ 20. "This is an objective inquiry." *Corson*, ¶ 35. Accordingly, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

¶ 8　　We broadly construe pleadings filed by unrepresented litigants "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5. But we will not rewrite an unrepresented litigant's pleadings or act as their advocate. *Cali*, ¶ 34.

### III.　Analysis

¶ 9　　Even if we assume, without deciding, that plea counsel's advice regarding presentence confinement credit constituted deficient performance, Van Pelt did not assert in his Crim. P. 35(c) motion and does not assert on appeal, that but for counsel's

deficient advisement, he would have rejected the plea agreement and insisted on going to trial. *See Sifuentes*, ¶ 20. And the record does not indicate that it would have been rational for him to reject the plea agreement. *See Padilla*, 559 U.S. at 372; *see also Sifuentes*, ¶ 21 (an analysis of whether a decision to reject a plea offer would have been rational should consider "the attractiveness of the plea deal and the risks of going to trial"). Van Pelt faced a possible sentence of life in prison without the possibility of parole. Under these circumstances, we are not persuaded that it would have been rational for Van Pelt to decline the plea to a twenty-year sentence in exchange for the dismissal of the murder conviction even if he knew he was only receiving 394 days of presentence confinement credit. *Id.*

¶ 10 As a result, we cannot conclude that Van Pelt has alleged prejudice to support a claim of ineffective assistance of plea counsel. Thus, we conclude that the postconviction court did not err by denying it without a hearing. *See Duran*, ¶ 15.

IV. Disposition

¶ 11 The order is affirmed.

JUDGE J. JONES and JUDGE GROVE concur.