24CA1345 Peo v Solazzo 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1345
Custer County District Court No. 03CR10
Honorable Lynette M. Wenner, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Andrew Solazzo,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE GROVE
J. Jones and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Philip J. Weiser, Attorney General, John T. Lee, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Andrew Solazzo, Pro Se

¶ 1     Defendant, Andrew Solazzo, appeals the district court's order denying his motion for DNA testing.  We affirm.

## I.     Background

¶ 2     In 2005, Solazzo pleaded guilty to sexual assault.  The district court sentenced him to an indeterminate term of six years to life in prison.  Since then, Solazzo has filed multiple postconviction motions attacking his conviction and sentence.  *See People v. Solazzo*, (Colo. App. No. 06CA0977, July 31, 2008) (not published pursuant to C.A.R. 35(f)); *People v. Solazzo*, (Colo. App. No. 11CA1710, Aug. 8, 2013) (not published pursuant to C.A.R. 35(f)); *People v. Solazzo*, (Colo. App. No. 14CA2370, Mar. 10, 2016) (not published pursuant to C.A.R. 35(f)); *People v. Solazzo*, (Colo. App. No. 19CA1383, Feb. 10, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 3     Most recently, Solazzo filed a motion for DNA testing.  Specifically, Solazzo claimed that while the DNA evidence in the case was tested in 2003, today, the "[t]echnology is much more sensitive," the "Colorado Bureau of Investigation (CBI) may have deviated from standard operating procedures" or "manipulated DNA

results in [his] case to get a conviction," and "cutting corners and false reports by the CBI are extremely concerning."

¶ 4 The district court denied Solazzo's motion, concluding that he had failed to sufficiently allege two of the factual criteria required by section 18-1-413, C.R.S. 2025. First, he failed to adequately allege that he would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution. And second, he failed to allege that DNA testing was not available before his conviction. Instead, the court pointed out that defense counsel had successfully suppressed all non-testimonial evidence before trial and, based on Solazzo's 2004 letter to the Attorney General, he had admitted having sex with victim but asserted that the encounter was consensual.

## II. Discussion

¶ 5 On appeal, Solazzo provides a portion of (1) a 2005 hearing transcript in which defense counsel discussed defense testing that was done to a "carpet remnant," which Solazzo said would have supported his assertion that he previously had sex with the victim and thereby indirectly bolstered his "consent defense"; (2) a defense motion to continue in which counsel referenced sending two "carpet

2

remnants" for DNA analysis; and (3) the petition for nontestimonial identification requesting that Solazzo's hair, blood, and saliva samples be submitted for DNA analysis.

¶ 6     Salozzo also makes various ineffective assistance of trial counsel claims relating to his attorney's alleged failure to (1) test the carpet remnants; (2) advise him concerning the terms of the plea agreement; and (3) adequately investigate the case.  And he requests photographs that were taken of the victim during the SANE exam and polygraphs to substantiate his claims made on appeal.

¶ 7     Despite all of this, Salozzo makes no argument concerning the district court's denial of his motion for DNA testing.  We recognize that "[p]leadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5.  But because Salozzo does not seek relief based on the same specific facts he raised in his motion, *see* section 18-1-412(2), C.R.S. 2025, we decline to address the new arguments he asserts on appeal.  *See People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's

pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief."); *People v. Huggins*, 2019 COA 116, ¶ 17 ("When a defendant does not raise an issue in a postconviction motion . . ., and the postconviction court therefore does not have an opportunity to rule on the issue, as a general rule, the issue is not properly preserved for appeal and we will not consider it."); *see also People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998) ("[I]ssues not raised in or decided by a lower court will not be addressed for the first time on appeal.").

¶ 8    Having so concluded, we do not address the People's alternative arguments that Solazzo's requests for relief are untimely, successive, or otherwise fail on the merits.

III.    Disposition

¶ 9    The order is affirmed.

JUDGE J. JONES and J. SCHUTZ concur.