25CA0646 Peo v Hurtado 01-22-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0646
Larimer County District Court No. 12CR1156
Honorable Susan Blanco, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Evertt Hurtado,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE SULLIVAN
Fox and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Evertt Hurtado, Pro Se

¶ 1    Defendant, Evertt Hurtado, appeals the district court's order denying his second motion to modify or vacate restitution.[1]  We affirm.

## I.    Background

¶ 2    In 2013, after Hurtado pleaded guilty to class 4 felony aggravated motor vehicle theft and misdemeanor driving under the influence, the district court ordered him to pay $11,738.05 in restitution to the victim and the victim's insurance company.  As of March 2025, Hurtado had paid $7,796.90, and his remaining balance was $13,984.97 due to postjudgment interest under section 18-1.3-603(4)(b)(I), C.R.S. 2025.[2]

¶ 3    In 2017, Hurtado filed a pro se "motion to vacate, set aside, or modify fines or restitution."  He argued that he couldn't pay restitution due to financial hardship, in part because he was

---

[1] Hurtado spells his first name as "Everett" in the notice of appeal but uses "Evertt" in his opening and reply briefs.  We adopt the latter based on an April 2025 motion, filed in our court, in which Hurtado clarified that his legal name is "Evertt Hurtado."
[2] Interest accrued at a rate of twelve percent per annum before January 1, 2020, and eight percent per annum thereafter.  *See* § 18-1.3-603(4)(b.5)(II), C.R.S. 2025.

incarcerated.  The district court denied the motion.  Hurtado didn't appeal.

¶ 4     In March 2025, Hurtado filed a second pro se motion to "modify or vacate restitution order," this time arguing that restitution should be vacated or modified under section "18-1.3-603(3)(d)" because "[t]he balance, inflated by interest during incarceration and aggressive collections despite [his] good-faith efforts, violates [his] constitutional rights and crushes [him] with hardship."[3]  After outlining his financial difficulties, he specifically asserted that (1) the accrual of $6,000 to $8,000 in interest while he was incarcerated violated his due process rights; (2) the nearly $11,000 in accrued interest was a constitutionally excessive fine; (3) the insurance company "likely wrote off" the loss, but he would need discovery to determine this; (4) tax intercepts despite his compliance violated due process; (5) payment imposed an undue hardship on him; and (6) there was a possible ex post facto issue.

---

[3] Although Hurtado cited section 18-1.3-603(3)(d), the statute doesn't contain a subsection (3)(d).  But subsection (3)(b) authorizes a court to decrease restitution based on specific circumstances.  Construing Hurtado's pro se motion broadly, *see Jones v. Williams*, 2019 CO 61, ¶ 5, we presume he intended to cite section 18-1.3-603(3)(b).

2

He requested that the court remove all interest as unconstitutional; reduce restitution to the amount he had already paid; stop or stay collections; lower his monthly payments; and hold a hearing.

¶ 5     After the prosecution objected, Hurtado replied, reasserting his arguments and newly arguing that his plea was entered unknowingly, involuntarily, and unintelligently.

¶ 6     The district court denied Hurtado's motion because he failed to establish one of the requirements for a decrease in restitution as outlined in section 18-1.3-603(3)(b).  Under that statute, an order for restitution may be decreased "[w]ith the consent of the prosecuting attorney and the victim or victims to whom the restitution is owed" or "[i]f the defendant has otherwise compensated the victim or victims for the pecuniary losses suffered."  § 18-1.3-603(3)(b).

## II.    Discussion

¶ 7     Hurtado appeals the district court's order denying his motion but doesn't reassert any of his original claims.[4]  Instead, he argues

---

[4] We deem these claims abandoned because Hurtado hasn't reasserted them on appeal.  *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

for the first time on appeal that the restitution order and accrued interest violate his equal protection rights.

¶ 8 Because Hurtado didn't raise this equal protection issue in his motion and the district court didn't rule on it, the issue isn't properly before us. *See People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief."). Moreover, to the extent Hurtado now seeks to bolster the arguments in his motion with a detailed equal protection analysis on appeal, we don't consider a defendant's attempts to use his appellate briefs to "fortify . . . issues inadequately raised or supported by his motion." *People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996).

¶ 9 In his reply brief, Hurtado argues that his equal protection claim was properly preserved for appeal because his motion "clearly alleged that the way restitution interest and collection practices were being applied to him, given his indigence and years of incarceration, violated his constitutional rights," and "[t]he equal-protection framing on appeal is the legal characterization of the

4

same operative facts and constitutional concerns raised below, not a new or different claim." We disagree.

¶ 10 We acknowledge that Hurtado argued in his motion that the balance on his restitution obligation "violates [his] constitutional rights." He also made a cursory due process claim. Furthermore, he cited *Bearden v. Georgia*, 461 U.S. 660 (1983), in which the United States Supreme Court held that due process and equal protection principles may prohibit a state from revoking an indigent defendant's probation for failure to pay restitution "through no fault of his own." *Id.* at 665, 672-73. But he cited *Bearden* to assert only that the government "can't punish poverty" and that "[t]his debt traps [him] despite [his] recovery." Even construing Hurtado's pro se motion broadly, as we must, *see Jones v. Williams*, 2019 CO 61, ¶ 5, we don't interpret his motion as alleging any violation of equal protection. Indeed, even his citation to *Bearden* was under the heading for his due process argument.

¶ 11 Hurtado also argues in his reply brief that, even if we conclude that his equal protection claim is unpreserved, we have discretion to review it "for plain error or in the interests of justice" because "the underlying constitutional question is purely legal and arises on

5

an undisputed record." True, we may, as a matter of discretion, address an unpreserved constitutional claim when doing so would promote efficiency and judicial economy. *Hinojos-Mendoza v. People*, 169 P.3d 662, 667-68 (Colo. 2007), *abrogated on other grounds as recognized by Phillips v. People*, 2019 CO 72, ¶¶ 32-33. But Hurtado doesn't explain, nor do we discern, how our addressing his unpreserved challenge would "'promote judicial economy,' [so] we decline to address the merits of his argument." *People v. Butler*, 2017 COA 117, ¶ 36 (quoting *People in Interest of L.C.*, 2017 COA 82, ¶ 19).

¶ 12    In addition, even if we elected to review his unpreserved equal protection challenge for plain error, we would find none. No case law or other authority existed at the time of the district court's order that should have led the court to sua sponte find that the restitution award and postjudgment interest created an equal protection violation. *See L.C.*, ¶ 20; *People v. Walker*, 2022 COA 15, ¶ 68 (an error is plain when it's so obvious that the action challenged on appeal clearly violates statute, a well-settled legal principle, or Colorado case law).

¶ 13　　Accordingly, we conclude that the district court didn't err by denying Hurtado's second motion to modify or vacate restitution.  In light of our resolution, we decline to address the People's alternative argument that Hurtado's equal protection claim is procedurally barred as an untimely Crim. P. 35(c) claim.

## III.　Disposition

¶ 14　　We affirm the order.

JUDGE FOX and JUDGE KUHN concur.